SCHOTT, Judge
(concurring).
The language of the contract between the parties prescribed that “all additions” to the contract work “shall be in writing and shall not be binding unless same are in writing.” In my opinion the work of aligning, straightening and welding the steel performed by plaintiff was clearly an addition to the work contracted for. For that reason I would hold that plaintiff is not entitled to recover except for the principles found in McGowan-Rigsby Sup., Inc. v. Charles Carter & Co., Inc., 268 So.2d 716 (La.App. 1st Cir. 1972) and Roff v. Southern Construction Corporation, 163 So.2d 112 (La.App. 3rd Cir. 1964). In the latter case the Court recognized the general rule that in a situation such as the instant case where the contract provides for no claims for extra work unless there is a written order the provision is enforceable subject to certain exceptions.
“However, recovery for extras based on parol evidence has been permitted in spite of a stipulation that authority for extra work must be in writing: (1) when the alteration was necessary and had not been foreseen ... (2) when the alteration was so great that it cannot be supposed to have been made without the knowledge of the owner . (3) when the owner was aware of the extra work and made no objection to it . . .”
The evidence shows that the defects in the handrails were unforeseen and an alteration was necessary before they could be installed. Furthermore, the trial judge found that defendant “saw the work being done and authorized it, if not specifically, then certainly tacitly.” These elements fit the exceptions discussed in the Roff case and I would allow recovery on that basis.