LOTTINGER, Judge.
This is a suit by plaintiff, Watson, Blanche, Wilson & Posner, a law partnership, against Charles Carter & Company, Inc. (Carter) for unpaid legal fees. Carter in turn third partied Cliff Hughes Co. of Louisiana, Inc., formerly Hughes-Walsh (Hughes), and its surety, National Surety Corporation (National Surety), for the amount of the attorney fees under the provision of the subcontract existing between Carter and Hughes. Hughes was never served with the third party demand. On motion of plaintiff, the principal demand was severed from the third party demand. Judgment was rendered in favor of plaintiff and against Carter for $4,263.23. On the third party demand, judgment was rendered in favor of National Surety and against Carter. Carter has appealed only the denial of its third party demand.
To better understand this case it is necessary to review the facts leading up to the instant suit. In 1968 Carter contracted with Capitol Construction & Improvement Commission for the construction of a health and physical education building at Southeastern Louisiana College (Southeastern Louisiana University) in Hammond. Subsequently, Carter subcontracted certain mechanical work to Hughes-Walsh of Dallas, Texas. As the subcontract progressed, Hughes reached a point whereby it could not meet its financial obligations. At that time Carter still held some $54,259.42 due under the subcontract. This amount represented some $12,400.74 spent by Carter to complete work not done or repair work improperly done by Hughes. Additionally, some $21,128.30 was retained as the costs of repairing damages to the gymnasium floor caused by the negligence of Hughes. The remainder was retained as a result of Carter being served with a notice of a federal tax lien and levy against Hughes.
Carter was sued in the United States District Court for the Middle District of Louisiana by National to recover the retain-age due under the subcontract. The amount sued for was $55,063.69. Plaintiff, Watson, Blanche, Wilson & Posner, was retained as counsel to represent Carter in defense of the federal suit. The federal district court found that the amount that had been retained was $54,259.42, that Hughes was indebted to Carter in the sum of $33,529.04 and that Carter was entitled to this retainage. The balance, $20,730.38, was to be paid by Carter to the United States of America under its lien and levy, and Hughes was granted judgment against Maryland Casualty Company, its liability insurer, for $21,128.30. National was to take nothing in the proceeding. Fireman’s Fund Insurance Company v. Charles Carter Construction Company, Inc., 382 F.Supp. 332 (M.D.La.1974).
On appeal the United States Court of Appeal, Fifth Circuit, vacated the judgment of the district court and remanded “with directions to enter judgment permitting Carter to withhold $12,400.74 of the balance due on its subcontract with Hughes-Walsh; requiring Carter to pay into court the balance of the unpaid portion of the contract price, $21,128.30, in addition to the sum of $20,730.38 previously paid in, pending final disposition on remand of the competing claims of National Surety and the United States; granting Carter a judgment for $21,128.30 against Maryland Casualty, * * National Surety Corporation v. Charles Carter & Company, Inc., 539 F.2d 450 (5th Cir. 1976).
*361 In its third party demand, Carter calls upon Hughes and National to pay the attorney fees incurred by it in defense of the federal suit under a clause in the subcontract which reads as follows:
“Should Contractor employ an attorney to enforce any of the provisions hereof, or to protect its interest in any matter arising out of this contract, or to collect damages for the breach of this contract, or to prosecute or defend any suit resulting from this contract, or to recover on the surety bond given by Subcontractor under this contract, Subcontractor and his surety, jointly and severally agree to pay Contractor all reasonable costs, charges, expenses and attorney’s fees expended or incurred therein.”
In denying the third party demand the trial judge concluded that “since the 5th Circuit authorized the withholding of $12,-400.74 this court thinks perhaps attorney fees attributed to that claim might have been proper if the attorney fees had been itemized as to what time had been spent on these claims individually. Since this was not done, this court in applying McGowan-Rigsby Supply, Inc. [McGowan-Rigsby Supply, Inc. v. Charles Carter & Company, Inc., 268 So.2d 716 (La.App. 1st Cir. 1972)] must deny Carter’s claim.”
In appealing, Carter argues that the trial court erred in refusing to enforce the provisions of the contract between the parties; and in the alternative, that if we agree that the trial judge is correct in that Carter is only entitled to a prorata recovery, then the trial court erred in failing to award a pro-rata share of the expenses.
Appellee-National cites McGowan for the rule that Carter must be without fault before it can recover attorney fees. In McGowan, we did not use the term fault, but rather said that attorney fees were denied where the subcontractor was the victorious party.
In the instant case it is perhaps difficult to say who is the victorious party, or who is at fault. Appellee argues that the Fifth Circuit at 539 F.2d 457 held that Carter had no legal right to withhold payments from Hughes on account of the damage to the gym floor. We are of the opinion that this statement is pure dictum. We will concede for the sake of argument that the amount of the damage to the gym floor is an unliq-uidated claim, La.C.C. arts. 2007 & 2009, and thus does not fall within the rule of “compensation” as found in our Civil Code. However, can anyone deny that Carter had equity on its side in retaining this amount when same was used to repair damage caused by Hughes’ negligence?
National filed suit for all of the retainage which included $12,400.74 for repairs and incomplete work, $21,128.30 for floor damage, and the overage of $20,730.38 held because of the federal tax levy. If National had sued for only the portion held for the federal tax levy, when supposedly the levy had been released, the position of both sides would be different. But we cannot find Carter at fault for retaining the sums of money for repair and incomplete work as well as for floor damage, particularly considering that Hughes’ liability insurer, Maryland, denied any negligence up to and including the federal suit.
The federal district court allowed Carter the retainage spent as a result of Hughes’ fault. In all practicality, the Fifth Circuit’s result is the same as far as Carter is concerned. Thus we conclude that Carter is truly the victorious party in the federal suit because it was allowed to keep the retain-age to the extent of its added expenses.
Since these two retainages were the bulk if not all of the work done by Carter’s attorneys in the federal suit, the trial judge was in error in denying the third party demand.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and IT IS ORDERED ADJUDGED and DECREED that there be judgment in favor of Charles Carter & Company, Inc. as third party plaintiff and against National Surety Corporation as third party defendant for the full and true sum of $4,263.23 together with interest from date of judicial demand, and for all costs of these proceedings.
REVERSED AND RENDERED.