CARTER, Judge.
This is a suit by General Supply of Hou-ma, Inc. (General Supply) to recover the purchase price of certain goods delivered to Cenco Supply, Inc. (Cenco).
FACTS
The facts of this case are somewhat in dispute.
In December, 1982, Martin Cenac, vice-president of Cenco, and Howard Kirby, manager of Cenco’s Houston store, went to General Supply to purchase supplies. General Supply contends that Cenac told Dar-den Domangue, owner of General Supply, that he wanted to buy most of General Supply’s inventory. However, Cenco contends that it purchased some of the goods, but that most of the goods selected were ordered on consignment. After walking around General Supply's showroom for approximately an hour, Cenac had selected approximately 95% of General Supply’s inventory, totalling $140,481.05. A few days later, the goods were delivered to Cenco, accompanied by invoices and delivery tickets.
For several months, Cenco paid General Supply on some of the invoices, but it soon came to the attention of Cenco’s comptroller, Billy Hebert, that Cenco had purchased too many supplies.[1] On March 14, 1983, Hebert wrote a letter to General Supply, indicating that the remaining invoices would not be paid because the goods held by Cenco were on consignment. In the letter, Hebert also offered to return the unsold merchandise to General Supply.
On April 21, 1983, General Supply filed suit for the purchase price of the goods held by Cenco. Thereafter, Cenco made payment to General Supply totalling $51,-685.00.
After trial, the trial court held that the transaction between General Supply and Cenco was a sale and not a consignment. The trial judge rendered judgment in favor of General Supply and against Cenco for $140,481.05, with interest from date of judicial demand, subject to a credit of $51,-685.00 for payments made subsequent to the filing of the suit. The trial judge, *991 however, refused to award General Supply contractual interest and attorney’s fees or statutory attorney’s fees.
From this judgment, Cenco appeals, assigning the following errors:
I. The Trial Court erred in finding that a sale occurred of all the goods transferred from General Supply of Hou-ma, Inc. to Cenco Supply, Inc.
A. The Trial Court erred in limiting itself to calling this transaction either a sale or a consignment.
B. The Trial Court erred in not finding that a consignment took place with part of the goods transferred.
C. The Trial Court erred, alternatively, in not finding that a “sale or return” took place with part of the goods transferred.[2]
General Supply answered the appeal, requesting contractual interest and attorney’s fees or statutory attorney’s fees.
Was the transaction a sale?
A contract of sale is considered to be perfect between the parties, and the property is of right acquired by the buyer with regard to the seller, as soon as the object and the price are agreed upon although delivery has not been made nor the price paid. Don-Barr Farms v. Pointe Coupee Farmers, 452 So.2d 360, 361-362 (La.App. 1st Cir.1984). See also LSA-C.C. art. 2456. Both parties must agree to the substantial elements of a contract to have a binding obligation. LSA-C.C. arts. 1779(2), 1798; Sanders’ Camper Vil. v. Coleman Oldsmobile, 418 So.2d 679 (La.App. 1st Cir. 1982), writ denied, 422 So.2d 163 (La.1982); Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3rd Cir.1975).
In the case sub judice, the trial judge found, and we agree, that there was a sale of the goods from General Supply to Cenco. In his reasons for judgment, the trial judge found that the testimony of Mr. Domangue and that of Mr. Songe, store manager of General Supply, was more convincing than the testimony of Mr. Kirby and Mr. Cenac. Both Domangue and Songe testified that the goods had been purchased by Cenco at cost and that the word consignment had not been mentioned on the date of the sale or in the two to three weeks preceeding the sale. The trial judge, therefore, found that Cenco and General Supply agreed to the substantial elements of the contract of sale.
Furthermore, the trial judge found that it was inconceivable that the parties contemplated a consignment on the date of the sale because of the magnitude of the transaction and the lack of any specified terms.
A thorough review of the record convinces us that the trial judge was not manifestly erroneous in his findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Contractual Interest and Attorney’s Fees
General Supply contends that the trial judge erred in denying contractual interest and attorney’s fees. General Supply reasons that the trial judge should have awarded 18% interest and 25% attorney’s fees in accordance with a clause printed on the delivery tickets which had been signed by Cenco employees.
Contractual provisions for interest and attorney’s fees must be specifically agreed to by the parties. Lambert Redi-Mix, Inc. v. Charles Carter and Company, Inc., 486 So.2d 932 (La.App. 1st Cir.1986); Concrete Control Div. v. Cement Products Ser., 457 So.2d 769 (La.App. 1st Cir.1984); Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La.App. 1st Cir.1971). The jurisprudence is clear that an employee’s signature on a delivery ticket is merely an ac-knowledgement of receipt of the goods, where there is no showing that the purchaser knew or should have known about the clause on the receipts for interest and attorney’s fees. Concrete Control Div. v. Cement Products Ser., supra.
*992 In the instant case, there was no evidence that the parties ever discussed the clause for interest or attorney’s fees. Therefore, the trial court’s refusal to award contractual attorney’s fees was proper.
Statutory Attorney’s Fees
General Supply also contends that the trial judge erred in failing to award statutory attorney’s fees under LSA-R.S. 9:2781.
LSA-R.S. 9:2781 specifically provides that when a person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney’s fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Moreover, the provisions of this statute must be strictly construed. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984); Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3rd Cir.1979).
In the instant case, General Supply did not meet the strict requirements of LSA-R.S. 9:2781. No evidence of written demand upon Cenco thirty days prior to filing suit correctly stating the amount owed was introduced. As such, there was no compliance with the statute, and the trial judge correctly refused to award attorney’s fees under LSA-R.S. 9:2781.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Cenco is assessed with all costs of this appeal.
AFFIRMED.

. Cenco had been advised by its bankers to reduce its inventory.

. Although we will not address each of Cenco’s assignments of error individually, the opinion adequately addresses all issues raised.