JONES, Judge.
Plaintiff, Russell Daniel Irrigation Co., LTD (hereinafter “Daniel”) filed suit against Lake Forest Inc. and Eastover Country Club seeking $40,286.36 plus interest, costs, and attorney fees, subject to a credit for partial payment of $4,561.24. Plaintiff alleged that the parties had entered into a prime construction contract which provided for the construction of certain private works on the Eastover Golf Course’s irrigation system. The work had been completed, but the defendants had not paid all sums due under the contract.
The suit filed by plaintiff was entitled “Petition for Unpaid Contract Balance.” Plaintiff alleged that formal written demand had been made on Lake Forest pursuant to La.R.S. 9:2781 and that more than 15 days had passed since the statutory demand had been made and neither defendant had paid. Accordingly, plaintiff sought to recover the sums due on the net unpaid balance of the principal due, plus interest and “the statutory reasonable attorney’s fee which is provided by R.S. 9:2781, which fee should be no less than $6,000.”
At the completion of the two day trial of this matter, the court issued a judgement dismissing the claims against Eastover, but granting a judgment in favor of Daniel against Lake Forest in the sum of $40,286, plus 10% interest, and all costs of the proceedings subject to a $4,561.24 credit. The court did not award any amount for attorney fees:
In its reasons for judgment the trial court concluded that the suit was not a suit on an open account, thus plaintiff could not recover attorney fees unless the contract so provided. The court found that the contract did not provide for attorney fees. The plaintiff’s motion for partial new trial on the issue of entitlement to attorney fees was denied on November 25, 1991. Whereupon, the plaintiff perfected this appeal seeking a reversal of that portion of the *936 judgment which failed to award attorney-fees.
DISCUSSION
In this case, the plaintiff initially attempted to base his claim for attorney fees on La.R.S. 9:2781. During the trial of the case, the trial court informed the plaintiff that the case was not a suit on an open account. Thereafter, in his post trial brief, the plaintiff argued alternatively that if he was not entitled to statutory attorneys fees, he was entitled to the conventional fee called for in the contract.
The types of damages provided for because of a breach of a conventional obligation is enunciated in La.C.C. 2000 which provides in part:
... If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee’s attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.
Pursuant to this provision, attorney fees for breach of a contract are generally not awarded absent an express provision in the contract or some statutory basis. Any contractual provision for attorney fees must be specifically agreed to by the parties. Huddleston v. Bossier Bank & Trust Co., 475 So.2d 1082 (La.1985), General Supply of Houma v. Cenco Supply, 489 So.2d 989 (La.App. 1st Cir.1986); Lambert Redi-Mix, Inc. v. Charles Carter & Company, 486 So.2d 932 (La. 1st Cir.1986).
The first issue to be addressed by this court is whether the contract between the parties contained an express provision requiring that the defendant pay attorney fees.
A review of the contract signed by the parties reveals that Article 1 and Article 6 of the contract signed by Lake Forest and Daniel on December 15, 1986 specifically incorporated the provisions of a proposal dated November 22, 1986 which had been submitted to Lake Forest by Daniel. Article 1 of the contract provided that the contractor would perform all work required by the contract documents for the installation of an automatic irrigation system at the golf course at Eastover Subdivision “all in accordance with the proposal dated November 22, 1986, attached hereto and made part hereof as exhibit A.” Article 6 of the contract specifically listed the documents which constituted the entire agreement between the parties. Listed among the documents was:
(C) The proposal dated November 22, 1986, ... Attached hereto as exhibit A.
The proposal dated November 22, 1986 contained the following provision:
, ... in the event Russell Daniel has to file legal proceedings to collect any amount due hereunder, then Russell Daniel shall be entitled to collect from Owner fifteen (15%) percent of the principal and interest owed as attorney’s fees plus all costs of court.
Defendant argues that the incorporated provisions of the November 22, 1986 proposal should not be considered as an express provision to pay attorney fees because that document was never signed by a representative of Lake Forest. Rather, it was only signed by a representative of Daniel. We disagree. The above cited provisions of Article 1 and Article 6 of the contract between the parties specifically provided for the incorporation of the November 22, 1986 proposal into the main contract between the parties. Since the final document incorporating the entire proposal was signed by both parties, the provisions of the proposal constitute a major part of the contract. For this reason, the trial court erred when it concluded that the contract did not provide for attorney’s fees.
The next issue to be determined by this court is whether the plaintiff was entitled to recover contractual fees in a case where he specifically sought statutory fees.
Plaintiff admits that his petition does not clearly set out the specific contractual basis for the fees being sought. However, he argues that the claim for statutory fees was not exclusive. Rather he sought any and all relief that the evidence established he was entitled to receive. Generally *937 speaking, courts may grant all relief a party is entitled to receive. La.C.C.P. art. 862.
The fact that the plaintiff specifically requested statutory fees pursuant to La. R.S. 9:2781 does not preclude the awarding of fees pursuant to the express provisions of the contract when the evidence establishes that such fees are warranted. W.H. Ward Lumber Co. v. Merit Homes, Inc., 522 So.2d 648 (La. 5th Cir.1988). Since the contract which specifically granted Daniel the right to collect attorney fees if legal proceedings were required to collect under the contract was submitted into evidence, attorney fees should have been awarded.
The final issue to be determined by this court is whether the trial court erred when it failed to allow the plaintiff to amend his pleadings to conform to the evidence submitted at trial.
La.C.C.P. art. 1154 provides:
Art. 1154. Amendment to conform to evidence
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence (emphasis added).
The official comments to this article support the view that pleadings may be enlarged by the evidence adduced at the trial without objection. Since the defendant did not object to the introduction of the entire contract, rather introduced the document as one of its exhibits as well, the issue of entitlement to contractual attorneys fees under the contract was properly before the court and should have been resolved by the court. The fact that the plaintiff did not specifically state that he was seeking contractual attorneys fees is not a sufficient basis for denying permission to amend so as to have the pleadings conform to the evidence.
Defendant’s argument that the plaintiff should not have been allowed to change the theory upon which he was seeking attorney fees has no merit. The provisions of La.C.C.P. art. 862 provide in part that “... a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party had not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. The court in McGowan-Rigsby, Inc. v. Charles Carter & Co., Inc., 268 So.2d 716 (La.App. 1st Cir.1972) recognized that a main purpose of La.C.C.P. art. 862 was to eliminate the theory of the case doctrine and award relief to which a party is entitled. In this case the defendant received adequate notice that the plaintiff was seeking attorneys fees in that the plaintiff specifically alleged that he was entitled to receive attorney fees. Additionally, the defendant already had a copy of the contract in its possession and presumably knew of the contractual provisions for attorneys fees. The mere fact that the plaintiff did not initially state the correct theory under which the fees were due does not negate the fact that entitlement to attorneys fees was specifically pled and implicitly tried by consent of the parties. For these reasons, it was an abuse of the trial court’s discretion to refuse to allow amendment of the pleadings to conform to the evidence.
Plaintiff argues that this court should reverse the trial court and amend the judgment to include an award for attorney’s fees pursuant to the provisions of the contract. Notwithstanding the fact that the parties to this contract agreed that *938 Lake Forest shall be liable for attorney's’ fees in a determinable amount, such fees are subject to a reasonableness test. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987). The current record does not contain sufficient information for this court to determine the reasonableness of the fee provided for in the contract. Thus we cannot render a decision on the amount of attorney’s fees that should be awarded. For this reason the case is remanded to the trial court for a determination of the proper attorney’s fees to be awarded in this case.
REVERSED AND REMANDED.