647 So.2d 1282 (1994)
Roger B. JACOBS
v.
Joel P. LOEFFELHOLZ.
No. 94-CA-1123.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
*1283 Laurence D. Rudman, Kiefer & Rudman, Metairie, for plaintiff/appellant.
Joel P. Loeffelholz, pro se.
Before WARD, JONES and WALTZER, JJ.
JONES, Judge.
Plaintiff, Roger B. Jacobs appeals a judgment rendered by the trial court in the First City Court for the Parish of Orleans. The trial court rendered a judgment in the plaintiff's favor ordering the defendant, Joel P. Loeffelholz to pay the plaintiff, Roger B. Jacobs the sum of $4,150 with legal interest from date of judicial demand. However, the court ruled in favor of defendant, Joel Loeffelholz on a reconventional demand and decreed that certain debts were recognized as partnership debts and as such each party was responsible for the payment of his respective share of these obligations. The trial court ordered each party to pay his own respective court costs. No mention of attorneys fees was made in the judgment.
On appeal plaintiff argues the trial court erred in 1) failing to award attorneys fees as required by La.R.S. 9:2781; 2) finding defendant was entitled to recover on his reconventional demands; and 3) failing to order defendant to pay all cost of the proceedings. Additionally, on the day of oral argument in this case, appellant filed a peremptory exception of prescription wherein he argued that two of the bills included in the reconventional demand had prescribed; thus, the reconventional demand originally asserted by the appellee should be dismissed.

FACTS
This case involves a dispute between two attorneys who formerly shared office space and split expenses on a fifty/fifty basis. The attorneys operated without any written partnership agreement. In the middle of 1991 the plaintiff, Roger B. Jacobs advised the defendant, Joel P. Loeffelholz that he had decided to end the agreement and withdraw from the agreement by August 31, 1991. On or about August 28, 1991 the parties reached various agreements whereby plaintiff agreed to sell his interest in the office equipment, library, etc. to the defendant; that each would pay their respective half of all known outstanding obligations; and that any obligations that were discovered after plaintiff left would be shared fifty/fifty since no accurate final list existed at the time.
The agreement whereby the office equipment, library, and furniture was conveyed to the defendant was drafted by the plaintiff who titled the document conveying his interest in this property "Bill of Sale." The "Bill of Sale" provided as follows:
I, Roger B. Jacobs, do hereby sell, convey and set over unto Joel P. Loeffelholz, the following property located in Suite 900, 234 Loyola Avenue, New Orleans, Louisiana, 70112, to wit:
The entire library, two tables and chairs in the library, the telephone system, the xerox machine, the MICOM word processor and printer, four secretary desks and chairs, one couch in the waiting room and various miscellaneous other property located in our former law offices.

*1284 This sale is made for and in consideration of the sum of $4,150.00. This is to be paid in monthly payments, of Mr. Loeffelhoz's chosing (sic), and to be paid in full within one year from the date of this Bill of Sale.
THUS DONE AND SIGNED on this 28th day of August, 1991.
Subsequent to the execution of this agreement, additional unpaid bills surfaced. When advised of the bills, plaintiff remitted checks for various amounts due to the Internal Revenue Service to pay his portion of the amounts due to IRS. However, he never remitted any amounts due for interest and/or penalties. Further, plaintiff testified that he was never advised of some of the outstanding bills contained in the reconventional demand.
Prior to the due date on the "bill of sale", plaintiff sent the defendant a letter reminding him that pursuant to the "bill of sale", the entire payment was due shortly. After the due date came and the defendant failed to remit payment, plaintiff's attorney sent the defendant a formal demand requesting that payment be made in full within 15 days of the date of the letter. Defendant was advised that if payment was not received within that time period, suit would be instituted immediately seeking not only the principal amount due, but interest, court costs and attorneys fees pursuant to La.R.S. 9:2781. Defendant again failed to remit any payment and a formal petition seeking the total amount due, along with interest and attorney's fees was filed. Defendant answered the petition and asserted a reconventional demand for various amounts owed by the plaintiff for joint debts of the partnership.
Following the trial on the merits, the trial court rendered a judgment in favor of the plaintiff on the main demand and in favor of the defendant on the reconventional demand. Plaintiff appeals that portion of the judgment favorable to the defendant. He also argues that the trial court erred in not awarding attorneys fees and in ordering each party to pay his own cost.

DISCUSSION AND LAW

Attorneys Fees
The first issue to be addressed in this appeal is whether the trial court erred in failing to award attorneys fees.
Plaintiff argues that the Bill of sale which he drafted created an open account, that he strictly complied with the provision of La. R.S. 9:2781, and that attorneys fees should have been awarded.
The judgment rendered by the trial court makes no mention of attorneys fees. Nor does the trial court indicate whether the agreement for the "sale" of office equipment constitutes an open account so as to trigger the mandatory award of attorneys fees contained in La.R.S. 9:2781.
The evidence adduced at trial supports a finding that the plaintiff scrupulously complied with the technical requirements of La.R.S. 9:2781 in that he sent a proper demand letter and secured a judgment for the exact amount specified in his demand. Thus, if the agreement constitutes an open account, the plaintiff is entitled to an award of attorneys fees for securing a favorable judgment. Scarborough v. Nelson, 371 So.2d 1261 (La. App. 3d Cir.1979).
None of the cases cited by the appellant are applicable to this situation. The cases cited by the appellant all involve a sale of merchandise and/or services by a commercial entity. A Better Place, Inc. v. Giani Investment Co., 445 So.2d 728 (La.1984); Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984). Our examination of the bill of sale and the testimony of the parties leads us to conclude the agreement which the plaintiff drafted, although titled a bill of sale, was nothing more than a contract to dispose of the plaintiff's interest in property that was jointly owned by the plaintiff and defendant.[1] Thus, the cases cited by the appellant are clearly distinguishable from this case wherein the person agreeing to pay for the merchandise already has a one half *1285 interest in the merchandise and the agreement is just part of other agreements settling affairs of the firm.
Additionally, our review of the open accounts statute leads us to conclude that this is not the type of situation contemplated by the statute.
La.R.S. 9:2781 (the open accounts statute) provides as follows:
§ 9:2781 Open accounts; attorney fees; professional fees; open account owed to the state
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant....
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916 (FN1), "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.... (emphasis added)
Although the open accounts statute contains the above provision delineating what can be included in an open account, it does not specifically define an open account. "Open Account" is a legal term of art. In the normal course of business an open account is analogous to a credit account. La. Atty. Gen. Op. No. 87-240 (June 9, 1987). Open Account is defined in Black's Law Dictionary as:
An account which has not been finally settled or closed, but is still running or open to future adjustment or liquidation. Open account, in legal as well as in ordinary language, means an indebtedness subject to future adjustment, and which may be reduced or modified by proof.

Account is defined as:
A detailed statement of the mutual demands in the nature of debit and credit between parties, arising out of contracts or some fiduciary relation. A statement in writing, of debits and credits, or of receipts and payments; a list of items of debits and credits, with their respective dates. A statement of pecuniary transactions; a record or course of business dealings between parties; a list or statement of monetary transactions, such as payments, losses, sales, debits, credits, accounts payable, accounts receivable, etc., in most cases showing a balance or result of comparison between items of an opposite nature.[2]
Based on these definitions, the one time conveyance of one law partner's interest in certain equipment and furniture belonging jointly to the law firm via a document labelled "Bill of Sale" which provides for either payment in full within one year or monthly payments at the option of the debtor is not an open account. The bill of sale is nothing more than an ancillary contract to the other oral agreements reached by the parties to settle up the legal affairs of the firm. Although termed a sale, this transaction was not a sale in the commercial sense contemplated by La.R.S. 9:2781, a statute enacted to simplify the method for commercial businesses to collect on existing accounts.
To hold that this contract created an open account simply because the conveyance of property rights took place pursuant to a document entitled bill of sale and providing for monthly payments would make virtually every contract susceptible of being interpreted as an open account. The open account statute does not provide that any party suing on any contract is now eligible for attorney fees regardless of whether the contract allows those fees. Bossier Marble v. Kelly's Truck Terminal, 530 So.2d 1198, 1200 (La.App. 2d Cir.1988). The agreement of the plaintiff and defendant did not provide for attorneys fees and does not fall within the *1286 parameters of the open account statute. Consequently, the trial court did not err in failing to award attorneys fees.

Reconventional Demand
The second issue to be addressed in this appeal is whether the trial court erred when it ruled that all of the debts outlined in paragraph 12 of the defendant's answer and reconventional demand were partnership debts and that the plaintiff was liable for his proportionate share of the debts.
In Paragraph 12 of the answer and reconventional demand filed by the appellee, the following allegation was made:
Subsequent to defendant-in-reconvention's withdrawal from the shared offices, plaintiff-in-reconvention has discovered and/or been notified of the following outstanding and unpaid joint debts and obligations incurred prior to September 1, 1991:

 A. Internal Revenue Service $1,259.18
 B. State of La. Dept. of Revenue $ 387.16
 C. City of New Orleans Personal
 Property Taxes:
 1) 1990 $1,099.20
 2) 1991 (8/12 of $1,266.35) $ 844.23
 D. Dewberry Engraving Co. $ 541.45
 E. West Publishing Co. $ 182.86
 F. La. Office of Employment
 Security $ 378.32
 ---------
 Total $4,692.40

In his brief, plaintiff admits that the possibility exists that the amounts claimed in the reconventional demand are due. However, plaintiff argues the trial court erred in ruling for the defendant on the reconventional demand because 1) The amounts claimed as a set off were amounts owed to third parties, not to defendant; and 2) Defendant had never paid the amounts due to these third parties.
Based on the facts in this particular case, the trial court did not err in ruling that the specified obligations owed to the Louisiana Department of Revenue, the City of New Orleans, Dewberry Engraving Co., and the Louisiana Office of Employment Security are debts of the firm and must be paid by both parties to this litigation. Defendant presented sufficient evidence to support a finding that the amounts were actually owed and that the plaintiff had not paid his share. Further, the court did not actually order the plaintiff to pay the defendant any amount of money. Rather the court simply ruled that the debts outlined by the defendant were partnership debts, thus the plaintiff was liable for his proportionate share of the debts.
The defendant produced either bills or invoices indicating that the firm of Jacobs and Loeffelholz owed the Louisiana Dept. of Revenue the sum of $387.16, the City of New Orleans $1,099.20 for 1990 and $844.23 for the first three quarters of 1991, Dewberry Engraving Co. the sum of $541.45, and the Louisiana Office of Employment Security the sum of $378.32. However, the evidence produced by the defendant does not support a finding that plaintiff is liable for a proportionate share of the $1,259.18 owed to the Internal Revenue Service. An examination of the bills from the Internal Revenue Service reveals that $718.53 of the $1259.18 is for amounts owed by the firm for the last quarter of 1991. Since the plaintiff left the firm at the end of August, 1991, he is not liable for any portion of the taxes owed for the last quarter of 1991. Rather, he is only liable for his proportionate share of the $540.65 due the Internal Revenue Service (if paid by October 5, 1992) for the period ending September, 1991. Nor does the evidence support a finding that the plaintiff is liable to pay a proportionate share of the $182.86 owed to West Publishing Company. The account statement submitted into evidence clearly indicated that only $82.73 was owed for purchases made prior to August 28, 1991, the date the plaintiff left the firm. To the extent that the judgment of the trial court implied that plaintiff is liable for the erroneous amounts delineated in paragraph 12 for the Internal Revenue Service and West Publishing Company, the judgment is in error and must be amended.
While it is true that the record contains testimony to support a finding that the defendant had not paid these debts, the trial judge cannot be said to have committed manifest error in ruling that the plaintiff is liable for his share of the other debts. Significantly, the court did not order the plaintiff to pay these amounts to the defendant, thus the plaintiff has the freedom to pay the amount directly to the creditors if he so chooses. *1287 Based on the facts of this particular case, the judgment rendered by the trial court is equitable.

Costs
By his next assignment of error, appellant argues that the trial court erred when it failed to order the defendant to pay all costs of the proceedings.
The taxing of costs is governed by the provisions of La.C.C.P. art. 1920 which provides in relevant part:
... Except as otherwise provided by law, the court may render judgment for cost, or any part thereof, against any party, as it may consider equitable.
This section has been interpreted to give the trial court broad discretion to determine who should pay court cost. Absent an abuse of discretion, the appellate court will not interfere with an award of costs. Smith v. Two "R" Drilling Co., Inc., 606 So.2d 804 (La.App. 4th Cir.), writ denied, 607 So.2d 560 (La.1992).
Ordinarily the losing party is cast for costs. However, in this case the court ruled partially in favor of the plaintiff and partially in favor of the defendant. Thus the court did not abuse its discretion by ordering each party to pay his own costs.

Peremptory Exception of Prescription
Prior to submission of this case for oral argument, the appellant filed a peremptory exception of prescription excepting to "the inclusion of the personal property taxes due to the City of New Orleans for the year 1990, and the bill claimed due by Dewberry Engraving Company, both contained in the Reconventional Demand on the grounds that both have prescribed." Appellant argues that the prescriptive period for these debts is three years and that the debts have prescribed on their face. The petition forming the basis of this litigation was filed in October, 1992, and the reconventional demand seeking recognition of these debts as partnership debts was filed in December, 1992. Clearly, the debts had not prescribed at the time this litigation commenced, thus it is difficult to understand the relevancy of whether the debts have now prescribed.
However, as stated earlier, the judgment issued by the court did not specifically order the plaintiff to pay the defendant any specific amount of money. The judgment merely recognized that the plaintiff was liable to pay his proportionate share of the firm's outstanding debts. If the debts have prescribed and the parties are no longer obligated to pay them, nothing in the judgment can be interpreted to require appellee to pay his proportionate share of prescribed debts.
Moreover, the issue of whether the debts have actually prescribed cannot be determined by this court because of the absence of factual data concerning what, if any, collection efforts have been instituted by the creditors. A determination of whether the debts have prescribed would require an evidentiary hearing and it would be inappropriate for this court to rule on this issue based on nothing more than the allegations contained in the exception filed with this court. Consequently, the peremptory exception of prescription is dismissed.
For the reasons stated in this opinion, the peremptory exception of prescription is dismissed. The judgment of the trial court recognizing all debts outlined in paragraph 12 of defendant's answer and reconventional demand is amended to recognize only the debts incurred during the existence of the partnership. More specifically the judgment is amended to provide that the plaintiff is not liable for payment of those portions of the bills incurred with Internal Revenue Service and West Publishing Company after August 28, 1991. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED; PEREMPTORY EXCEPTION DISMISSED.
NOTES
[1] Notwithstanding the wording of the "Bill of Sale", both the plaintiff and the defendant testified that the office equipment, library, and furniture referred to in the bill of sale was jointly owned by the plaintiff and the defendant.
[2] Black's Law Dictionary 18 (6th ed. 1990).