660 So.2d 926 (1995)
ACME WINDOW CLEANERS, INCORPORATED
v.
NATAL CONSTRUCTION COMPANY, INC.
No. 95-CA-0448.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1995.
Steven O. Medo, Jr., W.T. Tete, Medo & Tete, New Orleans, for plaintiff/appellee.
Richard A. Swartz, Slidell, for defendant/appellant.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
Natal Construction Co., Inc., the general contractor for the construction of the building at 517 North Rampart for the City of New Orleans, entered into a written agreement with Acme Window Cleaners, Inc., whereby Acme was to strip and wax 18,000 square feet of tile floors Communicable Disease Center located on the 4th and 5th floors of the building. The contract was signed on October 21, 1993, and the work was performed over three days beginning October 22, 1993. During the course of the construction, the tile floors on the 4th and 5th floors were marked or damaged by some unknown material or chemical. The parties disagree about whether Acme advised Natal that the marks were chemical burns that could not be removed by stripping and waxing the floors. Because the marks on the floor remained, Natal and the City were dissatisfied with Acme's work and Natal was forced to replace the damaged tiles.
The total amount of the Acme contract was $2,250.00. However, upon receipt of an invoice for that amount, dated November 2, 1993, Natal refused to pay. On January 28, 1994, Acme's attorney sent Natal a demand letter by certified mail requesting payment of the contract amount in 15 days. No payments were ever made and Acme filed suit on March 11, 1994 in an attempt to collect the debt.
After a trial on the merits, the lower court ruled in favor of Acme in the contract amount of $2,250.00 and ruled that the requirements of La.Rev.Stat. 9:2781 (West 1991) had been complied with and were applicable *927 to this case. The lower court then awarded reasonable attorney fees of $1,250.00.
On appeal, Natal challenges only the portion of the judgment awarding attorney fees pursuant to La.Rev.Stat. 9:2781. That statute provides in pertinent part:
(A) When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant...
(C) For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
Natal contends that the trial court clearly erred in awarding attorney fees pursuant to La.Rev.Stat. 9:2781 because this provision is applicable only to suits on open accounts and not to suit on written contracts. Natal cites as supporting authority Kenner Industries, Inc. v. Sewell Plastics, Inc., 451 So.2d 557 (La.1984) wherein the Louisiana Supreme Court ruled that a one-time construction contract was not a suit on open account and refused to grant the statutory attorney fees.
Although Acme styled its petition a "Suit on Open Account" in its attempt to collect the money allegedly due for their services, the court found that the signed written agreement with Natal (which Acme attached to its petition) was a contract between the parties. Under the current law, in order to collect attorney fees pursuant to a written contract, there must be an express provision in the contract agreed to by the parties. Huddleston v. Bossier Bank & Trust Co., 475 So.2d 1082 (La.1985); Russell Daniel Irrigation Co., Ltd. v. Lake Forest, Inc. 612 So.2d 934 (La.App. 4th Cir.1993). There is absolutely no mention of attorney fees in the contractual agreement between the Natal and Acme and, accordingly, it is clear that Acme was not entitled to any attorney fees based upon the written contract.
Acme argues, however, that the current statutory law abolishes the principle that attorney fees are payable pursuant to La.Rev. Stat. 9:2781 only when they are due on an open account. Acme contends that prior to the 1983 amendment of section C, the idea that "open account" pertained to services "rendered on a continuing basis" was built into the statute and that this principle was abolished in the new language which provides that "open account" shall include "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions".
However, in deciding the recent case of Jacobs v. Loeffelholz, 647 So.2d 1282 (La. App. 4th Cir.1994), this Court has reiterated its finding that the mandatory attorney fees contained in La.Rev.Stat. 9:2781 are not available unless the agreement constitutes an open account. In arriving at its conclusion that the sale of a law partner's interest in office furniture and equipment was not an open account, the Jacobs court described open account as a "legal term of art". Noting that an open account is analogous to a credit account in the normal course of business, the court also relied upon the definitions of "open account" and "account" as defined in Black's Law Dictionary in arriving at its decision. Black's definition of Open Account reads as follows:
An account which has not been finally settled or closed, but is still running or open to future adjustment or liquidation. Open account, in legal as well as in ordinary language, means an indebtedness subject to future adjustment, and which may be reduced or modified by proof.
Black's Law Dictionary 18 (6th ed. 1990).
In other cases, the courts have established guidelines for determining when the course *928 of dealing between parties may be designated as an open account. Sandoz v. Dolphin Services, 555 So.2d 996 (La.App. 1st Cir. 1989); Herb's Machine Shop, Inc. v. John Mecom Company, 426 So.2d 762, 765 (La. App. 3d Cir.1983), writ denied, 430 So.2d 98 (La.1983). The following factors, discussed in the Third Circuit case, closely track the legal definition discussed in Black's:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and,
4. Whether there are expectations of other dealings.
Herb's Machine Shop, Inc. v. John Mecom Company, 426 So.2d at 765.
In the case at hand, there was no testimony that there were any other business dealings between the parties other than this one-time transaction. The relations between the parties and the scope of the contract do not imply any expectations of on-going or future deals. The party signing the contract on behalf of Natal was not the president of the company. Rather, the superintendent of this particular construction job executed the contract for Natal. The job was for the specific purpose of stripping and waxing the floors on two floors of the building. There was no statutory language which could change this contract into an open account so as to trigger the attorney fee provisions of La.Rev.Stat. 9:2781.
Because the written agreement between Acme and Natal constituted a contract and not an open account, the statutory attorney fees mandated by La.Rev.Stat. 9:2781 were not payable for this breach of contract action. Accordingly, we reverse the decision of the trial court awarding $1,250.00 in attorney fees pursuant to La.Rev.Stat. 9:2781, amend the judgment in favor of Acme Window Cleaners, Inc. and against Natal Construction Company, Inc., to $2,250.00, and as amended, confirm the judgment of the trial court.
REVERSED IN PART; JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED