530 So.2d 1198 (1988)
BOSSIER MARBLE, INC., Plaintiff/Appellant,
v.
KELLY'S TRUCK TERMINAL, INC., Defendant/Appellee.
No. 19675-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Writ Denied October 14, 1988.
Bodenheimer, Jones, Klotz & Simmons by F. John Reeks, Jr., for plaintiff/appellant.
Kennedy, Goodman & Donovan by Robert J. Donovan, Jr., for defendant/appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Plaintiff sued the property owner to recover the agreed contract price for the construction of shower stalls and an additional $600 for extra work and materials. In connection with the latter, plaintiff asked for attorney fees under the "open account" statute, La.R.S. 9:2781. Defendant tendered the original contract amount of $8690 and the sum of $100 for court *1199 costs. After a trial on the merits, judgment was rendered in favor of plaintiff as prayed for, except that the demand for attorney fees was rejected.
Plaintiff appealed, contending the trial judge erred in disallowing attorney fees. Defendant answered the appeal, arguing that the trial court committed error in awarding plaintiff any amount above the original contract price.
For the reasons explained, we affirm.
In connection with a construction contract at Kelly's Truck Terminal in Caddo Parish, Bossier Marble, Inc. submitted a bid to the general contractor, Youngblood, for the materials and labor required to build ten synthetic marble shower stalls, in accordance with specifications furnished by the general contractor, for $8690. The bid was accepted by Youngblood and approved by D.A. Kelly, the president of the truck terminal.
Before Bossier Marble could perform under the subcontract it was necessary that other subcontractors (carpenters) construct the shower stall framing. However, because of the type of doorjams and returns constructed by the carpenters who prepared the framing, the bid of Bossier Marble was based upon inaccurate specifications. Consequently, additional work and material were required for the subcontractor to perform its contract. When the president of Bossier Marble, Provenza, discovered this, he discussed the modified requirements with the general contractor and requested an additional $75 for each of the 10 shower stalls.
Youngblood testified that he rejected this as excessive. Provenza then offered to complete the work for $60 per stall. Youngblood stated he did not agree to this and did not submit it to Kelly for his approval. However, Youngblood conceded that he never instructed Provenza not to do the required work and indicated the project should proceed to completion as scheduled. Provenza testified there was at least a tacit agreement for payment of the $60 per shower stall. Therefore, Bossier Marble performed its work under the contract. When payment for the work and materials was not forthcoming, this litigation ensued.
The only evidence presented at the trial concerning the cost of the additional work performed by plaintiff was presented by plaintiff. It was explained how additional marble was poured and the nature of labor necessary to install returns and jams. Finding that this was required by the carpentry work done at defendant's request, the trial judge in written reasons concluded that $600 was a reasonable compensation for the extra work and materials.
As to the claim for attorney fees on an open account, the trial judge recognized that a one-time transaction could be an open account under La.R.S. 9:2781 as amended in 1983, but stated he was bound to follow our ruling in Ellis Millwork, Inc. v. Frees, Inc., 493 So.2d 696 (La.App.2d Cir.1986), which held that a one-time agreement was not an open account.
Plaintiff argues that the amendment or addendum to the contract for construction of the shower stalls should be construed as an open account under La.R.S. 9:2781. As amended in 1983, Subsection C of that statute provides:
For the purposes of this Section and the Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open Account" shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the State.
An open account is defined in Black's (5th edition) Legal Dictionary as:
"Type of credit extended by a seller to buyer which permits buyer to make purchases without a note or security and is based on an evaluation of the buyer's credit."
In this case the parties entered into a construction contract under which plaintiff *1200 was to build ten shower stalls. Plaintiff's exhibit # 2 is a carbon copy of this written agreement, including specifications. The document did not provide for attorney fees. The contract was orally amended to provide for additional work. Payment due for this additional work did not become an open account within the meaning of La.R.S. 9:2781.
Although La.R.S. 9:2781 provides for attorney fees for the collection of an open account, the statute does not provide that any party suing on any contract is now eligible for attorney fees regardless of whether the contract allows those fees. Historically, a construction contract has not been treated as an open account. A.A. Specialty & Supply, Inc. v. Quinn, 411 So.2d 1165 (La.App. 1st Cir.1982). Therefore, in this case the trial judge correctly ruled that the suit was not on an open account.
In answer to the appeal, defendant argues that plaintiff was not entitled to judgment for the additional work because of insufficient proof under La.C.C. Article 1846, which requires one credible witness and corroborating evidence.
We have held that the plaintiff can be the credible witness and the corroborating circumstances need only be general in nature. Feazel v. Feazel, 471 So.2d 851 (La.App. 2d Cir.1985); Miller v. Harvey, 408 So.2d 946 (La.App. 2d Cir.1981). Here, Provenza explained the additional labor involved in pouring seven pieces of marble rather than the originally required three pieces. The trial court found this to be reasonable. We do not conclude that this was clearly in error.
Even though Kelly denied any agreement concerning the additional $60 per shower stall, he admitted knowledge of the required additional materials and labor and for the necessity of plaintiff completing its work so that the next subcontractor could proceed. Defendant allowed the showers to be installed and accepted the benefits of the contract. Consequently, it must be held to have ratified the contract made by Youngblood on its behalf. See Bamber Contractors, Inc. v. Morrison Engineering & Contracting Co., Inc., 385 So.2d 327 (La.App. 1st Cir.1980); John Deere Industrial Equipment Co. v. McCullen, 275 So.2d 437 (La.App. 2d Cir. 1973).
The trial judge did not err in awarding plaintiff judgment for $600 for the extra work and materials.
For these reasons, the judgment of the trial court is AFFIRMED, with the cost of appeal assessed one-half to each party.