611 So.2d 792 (1992)
Kenneth Ray ORTEGO, d/b/a Ray's Home Improvements, Plaintiff-Appellee,
v.
Juanita Priola DUPONT, Defendant-Appellant.
No. 91-1087.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1992.
*793 Jennifer J. Bercier, Cameron, for defendant-appellant.
Jim Ortego, Lake Charles, for plaintiff-appellee.
Before STOKER, YELVERTON and COOKS, JJ.
STOKER, Judge.
In this suit to recover money allegedly owed under an oral contract for the construction of cabinets, three issues are presented for our review:
1. Whether the trial court erred in finding that the cabinet maker was entitled to recover for the cabinet work;
2. Whether the trial court erred in awarding attorney fees under LSA-R.S. 9:2781, the "open account" statute; and
3. Whether the trial court erred in making an award of pre-judgment interest.
We affirm the trial court's award under the contract for cabinet work, reverse the award for attorney fees, and amend the award to include interest from the time the debt became due.
The Trial Court's Reasons for Judgment
In well written reasons for judgment the trial judge set forth the facts of the case, his legal conclusions and disposition of the case as follows:
"This is a claim for cabinet work done pursuant to an agreement between Kenneth Ray Ortego (`plaintiff') and Juanita Priola (`defendant'). Defendant married subsequent to the events, and is now Mrs. Dupont. A set of facts was set out in a letter memo from plaintiff's counsel and accepted by defense counsel. An excerpt of the two paragraphs reads:
`FACTS: Buyer approached Seller for special handmade cabinet doors. They view cabinet doors of same material at other residence. Buyer gets two other bids, decides to hire Seller even though his bid is not lowest.

*794 `Seller builds and delivers 20 cabinet doors. Buyer contracts for additional work. One week after first delivery Seller delivers second set of materials and Buyer returns 4 of the original 20 doors for corrective work. A week later Seller delivers additional work. Two weeks later Seller's agent calls Buyer and rejects all work. This is the first complaint regarding the original 16 doors and 2 subsequent deliveries. Buyer refused amicable demand for $3,250.00. Suit followed.'
"The provisions of Louisiana law which control this situation are not those dealing with sales but rather those dealing with building contracts. The predominant object of the contract herein was plaintiff's labor in fabricating the doors. The cost of materials formed only a small part of the ultimate price. C.C.Art. 2339, Loeb v. Rabin, 146 So.2d 487 (La.App. 4th Cir.1962).
"C.C.Art. 2769 reads:
`If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he should [sic] be liable in damages for the losses that may ensue from his non-compliance with his contract.'
"This has come to mean that every building contract has an implied promise to perform the work with good craftsmanship, free of defects, in either materials or workmanship. Davidge v. H & H Construction Company, 432 So.2d 393, (La.App. 1st Cir. 1983).
"The defendant in this case has refused to pay on the assertion that the product was defective and, hence, totally unacceptable.
"Much of the case consisted of testimony relating to the quality of the doors. A select number of the doors were placed into evidence and made available for close examination by the court.
"The style selected by the defendant required unusual construction, each door having many rectangular window apertures cut out for the insertion of glass panels. Under the agreement, plaintiff would first deliver the doors `raw', with no finish, to defendant's painter who would stain, sand, fill and varnish. The plaintiff would then take the doors to a glass company for the pane insertion after which the doors would be returned to the job site where defendant's carpenter would handle final installation.
"All of the doors except one were presented to the court in the initial, unfinished condition. They exhibited irregularities noticeable upon close examination. The apertures were not always evenly spaced and the inside corners of those openings were not always truly square. The result of these variations, however slight, tended to become accented by the routing work. A hand-held router was used both in the front and the back of the doors to bevel for decorative purposes or offset the edges to receive the glass panes. Because the guide on the router blade is designed to rest on the inside edge of the aperture in traveling the perimeter of the window, then any irregularity in that guideline is reflected in the path cut by the router blade. Particularly on the face of the doors, the routed bevel was an important feature of decoration. Thus, initial irregularities in the apertures resulted in a lack of uniformity of the dividers between the panes and in an interruption of the straight eyesight lines, both vertical and horizontal, connecting the dividers. Also, lack of square angles in the corners resulted in a lack of true rounds in the beveled corners. These described characteristics of the work were pointed out to the court by defendant's carpenter, who labeled them as `poor workmanship'. However, it is not conclusive that the work was defective as a legal proposition as noted in the following observations.
"The court was presented with one of the doors in the finished condition. It had been stained, sanded, puttied and varnished, after which the glass had been inserted and fixed with a caulking bead. In that condition, ready for installation, the door did not have an unpleasant appearance. The irregularities described above were largely resolved by the finishing process and were only noticeable upon close inspection. It must be remembered that the Mrs. Dupont *795 had viewed this exact style of door, fabricated by the plaintiff, in a home setting in Lake Charles, Louisiana, before the agreement was reached. She was satisfied with the appearance at that time. While it is obvious that the cabinet work at issue here would never have the finished look of a factory product, the court has no basis to believe that the cabinets viewed by the defendant in Lake Charles did not exhibit this same hand-crafted characteristics which was [sic] seen in the single, finished product introduced into evidence. It should be noted that all objections to the plaintiff's craftsmanship related to appearance and not to function.
"Of most importance, it was established that the plaintiff did substantially complete his work. The law of Louisiana is clear that if a workman has substantially complied with the contract, he is entitled to the value of the price agreed upon even if his work is defective in which case the remedy of the owner is to seek a reduction. Salard v. Jim Walter Homes, Inc., 563 So.2d 1327 (La.App. 3rd Cir., 1990); Davidge v. H & H Construction Company, 432 So.2d 393 (La.App. 1st Cir., 1983).
"The cases also hold that if the defendant owner fails to establish the costs of correcting any defects which he claims to see in the work, then he is precluded from a reduction of the price. Salard, supra.; Charest v. Busby, 141 So.2d 466 (La.App. 1st Cir., 1962). There was no evidence presented by the defendant to form the basis of a reduction. Furthermore, under the facts of this case, the defendant had ample opportunity to point out objections to the plaintiff's work before it was done. In fact, four doors were selected from the first delivery and returned to the plaintiff who remade them and then completed the remaining doors. A craftsman has a claim for full price of the work done unless he was timely advised to stop. Oscar Doste [sic] & Sons v. Dobard, 516 So.2d 1331 (La.App. 4th Cir., 1987). Plaintiff had completed the entire order before being told to stop by Mrs. Dupont's husband.
"Plaintiffs demand for the principal sum of $3,250.00 is granted.
"After submitting his bill, plaintiff secured the services of an attorney to collect the account and the attorney complied with the demand requirements of Louisiana Revised Statutes 9:2781. Under these circumstances, the plaintiff is entitled to reasonable attorney's fees. Considering the size of the claim, the expertise needed to try a contested claim and the time and effort evidently expended, the court fixes the fee in the sum of $1,000.00.
"Judgment is granted in favor of the plaintiff, Kenneth Ray Ortego, and against the defendant, Juanita Priola Dupont, for the sum of the principal demand and for the attorney's fee assessed plus all costs."

Claim for Cabinet Work
In building or construction contracts, substantial performance is the standard rule for determining if the contractor is entitled to recover the contract price. It is a question of fact whether or not there has been substantial performance. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (La.1961); Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir. 1976). We find no error in the trial court's finding of substantial performance.

Attorney Fees
The trial court erred in awarding attorney fees under LSA-R.S. 9:2781(C) which provides in part that "`open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." The transaction between the plaintiff and defendant was not an "open account." See Bossier Marble, Inc. v. Kelly's Truck Terminal, Inc., 530 So.2d 1198 (La.App.2d Cir.), writ denied, 532 So.2d 133 (La.1988); Guedon and Associates, Inc. v. Haik, 533 So.2d 1256 (La.App. 4th Cir.1988).

Prejudgment Interest
The trial court erred in awarding judicial interest from the date of judicial demand. The appropriate award of interest is not from the time of the judgment as *796 urged by the defendant, but from the time the debt became due. LSA-C.C. art. 2000; Ken's Construction Co., Inc. v. Liles, 560 So.2d 103 (La.App. 3d Cir.1990); Whitney National Bank v. Poydras Center Associates, 557 So.2d 422 (La.App. 4th Cir.1990). The time the debt becomes due is the date of substantial completion. American Druggists Ins. Co. v. Henry Contracting, Inc., 505 So.2d 734 (La.App. 3d Cir.), writ denied, 511 So.2d 1156 (La.1987).

DISPOSITION
For the foregoing reasons, we affirm the award of $3250 for the cabinet work, reverse the award for attorney fees, and amend the judgment to include interest from the date the debt became due. Costs are assessed 50% to the plaintiff and 50% to the defendant.
AFFIRMED IN PART, REVERSED IN PART, and AMENDED IN PART.