643 So.2d 441 (1994)
PETRON, INC., Plaintiff-Appellee,
v.
MAGIC-MART, INC., et al., Defendant-Appellant.
No. 94-28.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
Elizabeth Erny Foote, Alexandria, for Petron, Inc.
Brian D. Cespiva, Alexandria, for Magic-Mart, Inc., et al.
Before GUIDRY, C.J., DECUIR and PETERS, Judges.
DECUIR, Judge.
This appeal arises out of a claim by Petron, Inc. against Magic-Mart, Inc. and Khaled "Mike" Abdelsalam for a sum allegedly due on an open account. The trial judge issued reasons and entered judgment against defendants in the amount of $5,755.80, plus interest from due date and attorney's fees in the amount of $4,571.37. Defendants appeal contending that the trial court erred in finding that a valid oral contract existed between the parties despite the fact that there was no "meeting of the minds" as to the price and fees for the performance of the work, and in finding that the contract between the parties constituted an "open account" under La.R.S. 9:2781 thus entitling plaintiff to attorney's fees.
*442 The evidence at trial revealed the following facts. Plaintiff performed work which involved removal and installation of underground gasoline storage tanks at a convenience store (Magic-Mart), located on Hwy. 1 and Ulster Street in Alexandria, Louisiana, on land owned by Randy Mansour. The convenience store in question was owned and operated by defendant Abdelsalam. While Petron was performing the work for Mr. Mansour, Mr. Abdelsalam approached Calvin Hogie, installation manager for Petron, about additional concrete work at the convenience store. It was estimated that the additional work requested by Mr. Abdelsalam would require 8 to 12 yards of concrete. It is undisputed that the price agreed upon for the scope of the work defendant initially requested was $3,500.00. Mr. Abdelsalam paid this amount prior to commencement of the job. After the wood form for the concrete was completed and before the concrete was poured, Petron was ordered to stop the work by Robert Rozas, the district utility and permit specialist for the Louisiana Department of Transportation, because the construction was on a state right-of-way and no permit had been issued for the work. According to Mr. Rozas, state regulations disallow driveways parallel to a highway in front of gas pumps or any other structures requiring an outside drive. Thereafter, Mr. Rozas met with Mr. Abdelsalam and discussed alternative construction. A permit was eventually issued for a drive to Hwy. 1 according to specifications for the dimensions of the driveway and culvert by Mr. Rozas. Prior to this construction, the store did not have direct access to Hwy. 1. The work was ultimately performed in accord with state requirements.
Mr. Hogie testified that defendant contacted him after his discussion with Mr. Rozas and advised him of Mr. Rozas' alternative plans. Defendant instructed Mr. Hogie to contact Mr. Rozas; and after Mr. Hogie obtained the plans and permit from Mr. Rozas, Mr. Abdelsalam instructed plaintiff to proceed with the construction. The additional construction work involved the use of larger equipment, a heavy culvert, more concrete and more extensive work than the initial work requested by defendant. Forty-one yards of concrete was used and additional dirt had to be brought to the site. According to Mr. Hogie, there was never any question that defendant wanted the work done. Upon completion of the project, defendant refused to pay the costs of the additional work performed. Defendant admitted at trial that Mr. Hogie advised him he did not know what the costs would be, but testified Mr. Hogie told him the costs would be only $200.00, more or less, than the initial $3,500.00 quoted. Mr. Hogie testified he advised defendant prior to commencement of the work he did not know the cost of the additional construction.
Defendant argues that because the price for the work as approved by the state was uncertain or unspecified, there was no "meeting of the minds" as far as price was concerned because he did not consent to costs in excess of $200.00 over the $3,500.00 initially agreed upon. It is undisputed that defendant requested the work to be done by plaintiff and that plaintiff was authorized to proceed with the work according to Mr. Rozas' specifications. There is no dispute that the cost of the project was reasonable and there is no claim that the work was in some way defective. The trial court found that defendant impliedly agreed to pay a reasonable price for the work performed, including labor, equipment, and supplies. The trial court correctly notes that the defendant requested plaintiff to proceed with the work even though he knew the price was uncertain. A trial court's finding may not be set aside in the absence of manifest error, and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Rosell v. Esco, 549 So.2d 840 (La.1989). We find no manifest error in the trial court's finding of a valid contract for a reasonable price between the parties, and affirm the trial court's award under the contract with interest from the time the debt became due.
Defendant also argues that the transaction between the parties was not an "open account" thus entitling plaintiff to attorney's fees pursuant to La.R.S. 9:2781(C). We agree and reverse the trial court's award for attorney's fees. The record reflects that this was a construction contract. It is clear from the record payment was expected upon *443 completion of the job. Historically, a construction contract has not been treated as an open account. Bossier Marble v. Kelly's Truck Terminal, 530 So.2d 1198 (La.App.2d Cir.), writ denied, 532 So.2d 133 (La.1988). Therefore, plaintiff is not entitled to attorney's fees. The parties agreed that plaintiff in accordance with a particular contract would perform a particular job, and amending the original oral contract did not create an open account. Kenner Industries v. Sewell Plastics, 451 So.2d 557 (La.1984); Ortego v. Dupont, 611 So.2d 792 (La.App. 3d Cir.1992). Furthermore, contrary to plaintiff's argument, the 1983 amendment to La. R.S. 9:2781(C) does not change the law in this regard. The 1983 amendment was broadened to allow professionals that rendered a one-time service to use the procedure of an action on open account to recover payment, and applies to professional services only. See Mine & Smelter Etc. v. Ceres Gulf, Inc., 526 So.2d 404 (La.App. 4th Cir. 1988). Based upon our review of the applicable statute and jurisprudence, we find the trial court erred in characterizing the transaction between the parties as an open account. Accordingly, that portion of the trial court's judgment awarding attorney's fees is reversed.
Costs of appeal are assessed one-half to plaintiff-appellee and one-half to defendants-appellants.
AFFIRMED IN PART; REVERSED IN PART.