734 So.2d 116 (1999)
Marvin Douglas HILL, Plaintiff Appellee,
v.
Michael Dwayne LEACH, Defendant Appellant.
No. 98-1817.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1999.
Ted David Hernandez, Natchitoches, for Marvin Douglas Hill.
*117 Charles Raymond Whitehead, Jr., Natchitoches, Robert D. Bennett, for Michael Dwayne Leach.
Michael Dwayne Leach, pro se.
Eric Pope, State of Louisiana.
BEFORE: SAUNDERS, WOODARD, and DECUIR, Judges.
WOODARD, Judge.
This is an action to enforce a promissory note and a renovation contract for a home. Mr. Michael Dwayne Leach executed a promissory note in the amount of $30,000.00 in favor of Mr. Marvin Douglas Hill. Mr. Hill had advanced Mr. Leach $11,000.00 to purchase a home. Mr. Hill agreed to renovate the home, which he did, but Mr. Leach never repaid Mr. Hill for the home or the renovation work Mr. Hill had financed. Mr. Hill sued Mr. Leach. The trial court awarded him a judgment in the amount of $39,775.56, plus twenty-five percent attorney's fees, legal interest, and costs. Mr. Leach appeals. We reverse in part and affirm in part.

FACTS
On June 19, 1995, Mr. Leach purchased a small house located on Highway 3278 in Natchitoches Parish from Mr. David and Ms. Donna Jones for $11,000.00. As Mr. Leach and Mr. Hill were friends and Mr. Leach had no money, they entered into an agreement in which Mr. Hill advanced him the $11,000.00 purchase price, and Mr. Hill agreed to make renovations to the house for Mr. Leach's benefit. Renovation work began on the property. Mr. Hill purchased material, tools, and equipment for use on the house. He also paid for the labor for the work.
On March 6, 1996, Mr. Leach executed a promissory note and collateral mortgage on the property in the amount of $30,000.00 in favor of Mr. Hill. The mortgage was duly recorded. The note required Mr. Leach to pay interest in the amount of ten percent "from demand," attorney's fees in the amount of twenty-five percent, and costs.
The renovations on the house eventually substantially exceeded the original amount of the note. When Mr. Leach made no payments to Mr. Hill, either on the note or for the renovations exceeding the amount of the note, Mr. Hill filed suit after making demands for payment.
A bench trial was held on November 18, 1997. The trial court awarded Mr. Hill a judgment in the amount of $49,747.54, plus interest, costs, and twenty-five percent attorney's fees on November 20, 1997. Mr. Leach filed a motion for new trial, which was granted. The second trial was held on April 14th, and 20th, 1998. The trial court awarded Mr. Hill a total of $39,775.56, plus interest, costs, and twenty-five percent attorney's fees on the total amount. Mr. Leach appeals.

ASSIGNMENTS OF ERROR
Mr. Leach raises the following questions on appeal:
1. Does an agreement to provide one-time renovation services and finance same constitute an open account and may a party to such agreement be awarded attorney's fees in suit to collect the amounts paid for materials and laborers?
2. May the party to an agreement described use receipts to prove the amounts owed when the receipts were never introduced into evidence?
3. May the holder of a demand note be awarded attorney's fees when he was offered the full amount of the note, but constantly demanded more and eventually filed suit for more than the amount of the note?
4. May the trial court restrict defendant's right to cross-examine plaintiff on receipts which are the basis of plaintiff's claim were the receipts were relied upon to prove amount sued upon?

*118 5. Is the testimony of laborers who have no recollection of time expended sufficient to establish labor costs?

LAW

AN OPEN ACCOUNT
Mr. Leach contends that the trial court erred in considering the transactions between the parties to be an "open account" pursuant to La.R.S. 9:2781, and awarding attorney's fees on the full amount of the judgment.
It is clear from the record that this was a suit on a promissory note, which provided for an award of attorney's fees, and a construction contract for renovation to a house. The promissory note, totaling $30,000.00, was obviously thought by the parties sufficient to cover the costs of the property and the renovations at the time it was executed. However, as events turned out, the court found the total costs for which Mr. Leach was obligated exceeded the note by $9,775.56 and awarded twenty-five percent attorney's fees on the total amount. The award of attorney's fees on the excess was error.
The record reflects that the renovation work for which Mr. Hill was paying was a construction contract. Historically, construction contracts have not been treated as an "open account" under La.R.S. 9:2781. Petron, Inc. v. Magic-Mart, Inc., 94-28 (La.App. 3 Cir. 10/5/94); 643 So.2d 441; Bossier Marble v. Kelly's Truck Terminal, 530 So.2d 1198 (La.App. 2 Cir.), writ denied, 532 So.2d 133 (La.1988); nor did the parties stipulate for an award of attorney's fees beyond that written. Accordingly, the trial court's award of twenty-five percent attorney's fees on the amount of the judgment exceeding $30,000.00 is reversed.

RECEIPTS IN EVIDENCE
Mr. Leach contends that Mr. Hill's exhibit P-3, which consisted of receipts of expenditures for the renovation of the house was never admitted into evidence and, thus, cannot serve as a basis for an award of the renovation costs against him. The transcript of the proceedings reveals that the trial court specifically informed Mr. Leach's counsel in response to his objection that exhibit P-3, in globo, had been admitted into evidence. Therefore, this assignment of error is without merit.

ATTORNEY'S FEES
Mr. Leach contends that because he made an attempt to pay the note, the trial court should not have required him to pay attorney's fees. The requirement to pay attorney's fees is found in the terms of the note which Mr. Leach obligated himself to pay. Since he did not pay the note, upon Mr. Hill's enforcement of it, the trial court properly found he was obligated to pay attorney's fees. Therefore, this assignment of error is also without any merit.

CROSS-EXAMINATION
Mr. Leach's counsel sought to cross-examine Mr. Hill on each receipt comprising exhibit P-3. Exhibit P-3 consists of eighty-five pages of receipts and documents, establishing his costs for the renovation work to the house. The trial court restricted Mr. Leach's counsel from cross-examining Mr. Hill on each separate receipt, which he intended to do, but did not prevent Mr. Leach's counsel from offering evidence to show that the materials purchased with the receipts had not been used in the renovation of the home. Mr. Hill was elderly and frail with cancer, and the trial court limited his cross-examination for health reasons. The trial court informed Mr. Leach's counsel that: "You are not going to win your case by trying to kill Mr. Hill on the stand."
The determination of the scope of cross-examination is within the discretion of the trial court. These rulings will not be disturbed in the absence of an abuse of discretion. Pugh v. Mayeaux, 97-53 (La.App.3 Cir. 10/29/97); 702 So.2d 988. The question we have before us is did the trial court abuse its discretion in restricting the cross-examination of an elderly *119 and frail witness? We think not. When the trial court limited Mr. Leach's counsel's cross-examination, counsel made no proffer to the court that certain of the eighty-five pages of receipts had not been expended on the renovation of the home as Mr. Hill had testified. Mr. Leach's counsel simply sought to go over each receipt with Mr. Hill which would have lead to hours, even several days, of irrelevant cross-examination, which the trial court sought to avoid with its ruling. Importantly, the trial court did not restrict Mr. Leach from introducing any evidence that he might have to establish that the evidence in exhibit P-3 was inaccurate.
This assignment of error is without merit.

TESTIMONY OF LABORERS
Mr. Leach contends that the labor costs found by the trial court were not supported by contemporaneous book entries. Thus, they should not have been awarded. He alleges that the receipts, by which we presume he is referring to exhibit P-3, were never offered into evidence. He further alleges that his counsel was denied an opportunity to cross-examine Mr. Hill.
This assignment of error is simply a repetition of appellant's assignment of error numbers two and four above. We have already found those assignments to be without merit. In announcing its decision, the trial court found $14,203.50 in labor costs as part of its total award of $39,775.56. Following our review of the record, we do not find any error with this award.
This assignment of error is without merit.

CONCLUSION
That part of the trial court's judgment awarding twenty-five percent attorney's fees on the total award of $39,775.56 is reversed. The judgment is modified to award twenty-five percent attorney's fees on the first $30,000.00 granted by the trial court. There shall be no award of attorney's fees on the remaining $9,775.56. The remainder of the trial court's decision is affirmed. The appellant is cast with the costs of this appeal.
AFFIRMED IN PART AND REVERSED IN PART.