848 So.2d 750 (2003)
PADDISON BUILDERS, INC.
v.
NEWPARK SQUARE ONE CONDOMINIUM ASSOCIATION.
No. 03-CA-144.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 2003.
*751 Louis R. Koerner, Jr., Koerner Law Firm, New Orleans, LA, for plaintiff-appellee.
Roger R. Roy, Stephanie H. Myers, Roy & Myers, Attorneys at Law, New Orleans, LA, for defendant-appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant appeals the trial court judgment granting summary judgment in favor of plaintiff and awarding $5,000.00 in attorney fees. For the following reasons, we affirm in part and vacate the portion of the judgment awarding attorney fees.

FACTS AND PROCEDURAL HISTORY
The undisputed facts of this case are as follows. Defendant, NewPark Square One Condominium Association, ("NewPark"), manages 2901 North Causeway Boulevard, a three story brick office building in Metairie, Louisiana. In 1992, the rear wall of this property began to crack. Sometime later, NewPark through its president, Robert Roth, retained an architect, Robert Cangelosi, to supervise the repair/reconstruction of the wall. Apparently, Mr. Cangelosi opined that the necessary work *752 could be accomplished in two phases. First, the existing brick facade would be demolished with the exposed wall to be repaired and waterproofed prior to completion of the second phase, reconstruction of the brick wall. Cangelosi suggested to NewPark that phase one costs be determined using a "cost plus" contract with a maximum total cost because the true extent of damage was unknown. In February 1996, plaintiff, Paddison Builders, Inc., ("Paddison"), submitted to Cangelosi a "worst case" estimate of $39,600.00 to be performed on a cost plus basis. The estimate noted that overhead and profit would be determined at 20% of the subtotal of materials, subcontractors and labor. Paddison then submitted its bid of cost plus 20% with a maximum cost of $39,600.00. The bid was signed and accepted by Roth and other NewPark directors that same month. Before the bid was signed, part of the wall collapsed. Both sides agreed the work could still be performed pursuant to the original agreed upon bid price. Paddison submitted three invoices to NewPark and eventually completed the work (employing the use of subcontractors) for a total cost of $37,915.28. The first two invoices submitted in March 1996, for $19,849.15 and $13,039.51 respectively were paid in full. NewPark refused to pay the third invoice for $5,026.61, submitted to it in April 1996. In May 1996, Paddison recorded a contractor's lien for labor and materials.
In June 1996, Paddison filed this petition for damages, breach of contract and recognition of lien for labor and materials against Robert Roth individually and on behalf of NewPark for non-payment of the final invoice totaling $5,026.61 plus interest, attorney fees and costs. In November 1997, NewPark filed a reconventional demand against Paddison alleging it used a subcontractor, Bob Whittington and Associates, Inc., to perform the work charging NewPark $17,000.00 when the work done by the subcontractor was approximately $1,440.00. NewPark contends the subcontractor used two men working five days to perform the demolition work which violated the contract. NewPark further contends that Paddison submitted "unsubstantiated charges" to it also in derogation of the contract. NewPark prayed for a refund of excess charges in addition to interest and legal fees.
In March 2002, Paddison filed a motion for summary judgment arguing that the parties did not dispute whether the work was properly done. Rather, Mr. Roth questioned the cost of the project. In support, it relied on the depositions of Robert Cangelosi, Robert Roth and Richard Paddison. Apparently, NewPark was not served with a copy of this motion, did not file an opposition of show up for the hearing. The trial court granted the motion for summary judgment. In May 2002, NewPark filed a motion to vacate and/or annul the judgment or for a new trial asserting it was not served and did not otherwise receive notice of the summary judgment and hearing thereon. In support, it relied on Orleans Parish Civil Sheriff returns showing service was not made. NewPark requested attorney fees and sanctions. The trial judge entered an order vacating the summary judgment and reset the motion. NewPark filed a memorandum in opposition to the motion for summary judgment essentially questioning whether the wall removal cost and manner of removal was reasonable and whether it had given Cangelosi power to contract for it. In support, it relied on the deposition of Robert Roth.
After a hearing, the trial judge granted Paddison's motion for summary judgment without assigning written reasons. Oral reasons for judgment were dictated in open court. However, for some reason the *753 parties did not provide this court with a transcript of this hearing. Thus, a review of this matter is limited to the record before us. The judgment at issue in favor of Paddison and against NewPark was for $5,026.61, plus legal interest, cost of filing the lien and $5,000.00 in attorney fees. The judgment dismissed NewPark's reconventional demand with prejudice and denied the summary judgment insofar as it sought judgment against Robert Roth individually. The judgment was designated as final for purposes of this appeal. New-Park now appeals this judgment.

DISCUSSION
NewPark asserts that Paddison did not carry its burden of proving that its charges were reasonable and proper under the law governing cost-plus contracts. It argues that Paddison did not properly itemize and explain charges especially those of the subcontractor Bob L. Whittington. Thus, summary judgment should not have been granted.
A motion for summary judgment should be granted when the mover can show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ. Pro. art. 966(C)(1). When a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for a court to decide. American Deposit Ins. Co. v. Myles, 00-2457 (La.4/25/01), 783 So.2d 1282. Thus, when the parties agree that a valid contract binds them and that the material facts involved in the dispute are not contested, the contract's application to a case is a matter of law and summary judgment is appropriate. Id. The fact that one party may create a dispute about the meaning of a contractual provision does not render the provision ambiguous. Campbell v. Melton, 01-2578 (La.5/14/02), 817 So.2d 69. A court must grant a motion for summary judgment "if the depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B). The summary judgment procedure is favored under our law. Ross v. Conoco, Inc., 02-0299 (La.10/15/02), 828 So.2d 546.
In this case, the depositions reflect that Paddison performed the work in a timely and professional manner even coming in under the anticipated $39,600.00 projected total cost. Additionally, our review of the record including exhibits and supporting documentation reveals that Paddison submitted several invoices to NewPark and those invoices appeared to itemize the type of work performed, the laborers performing the work and the supplies used to accomplish the work.
NewPark further argues that the trial court erroneously awarded attorney fees in this case because this suit was not styled as a suit on open account nor were attorney fees provided for by contract. We agree. As we previously stated in Dixie Mach Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc., 96-869 (La.App. 5 Cir. 3/12/97), 692 So.2d 1167, in order to treat this matter as an open account certain factors must be considered:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings;
4. Whether there are expectations of other dealings.
We find none of the above factors present in this case. Additionally, construction contracts (such as this one) have historically not been treated as open accounts under La. R.S. 9:2781. See, Hill v. *754 Leach, 98-1817 (La.App. 3 Cir. 4/21/99), 734 So.2d 116, writ denied, 99-1527 (La.9/17/99), 747 So.2d 1109.
Turning to the issue of attorney fees, we note that the record is devoid of any evidence that Paddison would be entitled to $5,000.00 in attorney fees. Generally, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. Langley v. Petro Star Corp. of La., 01-0198 (La.6/29/01), 792 So.2d 721. Neither of which is present in this case. Thus, the trial court lacked the authority to make such an award.

CONCLUSION
Based on the foregoing, we affirm the trial court's judgment granting summary judgment in favor of Paddison Builders, Inc. in the amount of $5,026.61 but vacate the portion of the judgment awarding it $5,000.00 in attorney fees.
JUDGEMENT AFFIRMED IN PART; VACATED IN PART.