958 So.2d 730 (2007)
FREY PLUMBING COMPANY, INC.
v.
Celeste FOSTER.
No. 2006-C-1183.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2007.
*731 Leonard L. Levenson, Christian W. Helmke, New Orleans, LA, for Plaintiff.
Thomas A. Rayer, Jr., Michael H. Bagot, Jr., Wagner & Bagot, LLP, New Orleans, LA, for Defendant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge LEON A. CANNIZZARO JR.).

ON REMAND FROM THE SUPREME COURT
JOAN BERNARD ARMSTRONG, Chief Judge.
This writ application comes before us on remand from the Louisiana Supreme Court, No. 2006-CC-2531 on the docket of that Court. The remand order directs this Court to require briefing and argument and to provide a full opinion specifically discussing "the apparent conflict between [this Court's] holdings in Acme Window Cleaners v. Natal Construction Co., Inc., 95-0448 (La.App. 4 Cir. 8/23/95), 660 So.2d 926, and Robert Half of Louisiana, Inc. v. Citizens Consulting, Inc., 00-2415 (La. App. 4 Cir. 10/3/01), 798 So.2d 1124. We have received full briefing from the parties, and the matter proceeded to oral argument on Thursday, March 1, 2007. For the reasons that follow, we grant the writ and affirm the judgment of the trial court granting the respondent's motion for partial summary judgment, finding that the agreement between the parties was not a contract creating an open account and that the relator is not entitled to attorney's fees.
There is no dispute between the parties as to the basic facts surrounding the transaction that gave rise to this litigation. The respondent, Celeste Foster, a Mississippi resident, hired the relator, Frey Plumbing Company, Inc. (Frey) to perform a repair to a plumbing line on Ms. Foster's property in Orleans Parish, Louisiana. According to Ms. Foster's uncontroverted affidavit, she hired Frey to perform this single plumbing job and did not anticipate any other dealings with it. The work allegedly was performed and Frey submitted to Ms. Foster a single invoice requiring a single, one-time payment in full. When she did not pay the invoice, Frey made formal demand for payment in full. Upon expiration of the statutory 30-day period, Frey filed suit in the Civil District Court for the Parish of Orleans. Frey claims that, under these uncontested facts, the arrangement between the parties created an open account within the meaning of La.R.S. 9:2781(D), giving it the right to recover its reasonable attorney's fees incurred in the prosecution of this action.
Ms. Foster filed a Motion for Partial Summary Judgment denying the existence of an open account. Following a hearing and the submission of post-trial memoranda *732 by the parties, the trial court granted the Motion for Partial Summary Judgment. Frey applied for writs to this Court, which application was denied. Frey then applied for writs to the Louisiana Supreme Court, and this remand follows.
The standard of review for summary judgments is de novo review.
An open account includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. It includes debts incurred for professional services, including but not limited to legal and medical services[1]. La.R.S. 9:2781(D). This section was added to the open account statute in 1981 and was rewritten by a 1983 amendment.
In Kenner Industries, Inc. v. Sewell Plastics, Inc., 451 So.2d 557, 560 (La.1984), the Supreme Court held that a 1979 contract by which a party would furnish labor and materials to spread and compact pump sand was a construction contract and not an open account, citing La.R.S. 9:2781.[2] In denying attorney's fees, the court noted:
This is a one-time construction contract. The parties did not agree to a course of dealings over a period of time, but agreed that Kenner, in accord with a particular contract, would do a particular job.
The Court of Appeal, Second Circuit, cited the Kenner case in litigation arising out of a 1984 contract for installation of a dust collection system at the plaintiff's mill. By cross-appeal, the contractor sought attorney's fees, claiming the existence of an open account. The court held:
This contract was not one of a series of dealings over a period of time, but rather was a one-time agreement to do a particular building contract. CC Art. 2756. Defendant is not entitled to attorney's fees under LRS 9:2781. Kenner Industries v. Sewell Plastics, 451 So.2d 557 (La.1984).
In Alonzo v. Chifici, 526 So.2d 237, 241 (La.App. 5 Cir.1988), the defendant purchased a restaurant and orally contracted with the plaintiff to renovate the building. The cost of materials, labor and supervision were billed to the defendant, who made payments on the balance due. The court rejected the plaintiff's argument that this methodology created sale on an open account, holding:
[T]he agreement, . . ., fits the definition of a contract to build (a contract to do) as defined by La.C.C. Articles 2756 and 2757:
To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price.
A person who undertakes to make a work, may agree, either to furnish his work and industry alone, or to furnish also the materials necessary for such a work.
Although the Civil Code clearly contemplates a distinction between sales and construction contracts, it defines the contract of sale in very general terms. The judiciary has developed several tests for determining whether a given *733 contract is a contract of sale or a construction contract. In Acadiana Health Club, Inc. v. Hebert, 469 So.2d 1186, 1189 (La.App. 3 Cir.1985), the court notes:
There are three major factors in determining whether a contract is a contract of sale or a contract to build or to work by the job. First, in a contract to build, the "purchaser" has some control over the specifications of the object. Second, the negotiations in a contract to build take place before the object is constructed. Lastly, and most importantly, a building contract contemplates not only that the builder will furnish the materials, but that he will also furnish his skill and labor in order to build the desired object [Citations omitted].
Under the "value test" the court determines whether the labor expended in constructing the item, or the materials incorporated therein, constitute the "principal value of the contract." [Citation omitted] Building or construction contracts involve primarily the furnishing of labor and contractual skills.
In Guedon and Associates, Inc. v. Haik, 533 So.2d 1256, 1262 (La.App. 4 Cir.1988), this Court was called upon to characterize an oral time and materials construction contract. The plaintiff began work in August and concluded at the end of September, 1983. Plaintiff submitted an invoice dated September 30, 1983 indicating payments totaling $15,000 and a balance due of $22,211.10. This Court rejected the plaintiff's contention that the agreement created an open account governed by La. R.S. 9:2781, finding it to be an oral construction contract as to which there could be no recovery of attorney's fees.
Similarly, Hill v. Leach, 98-1817 (La. App. 3 Cir. 4/21/99), 734 So.2d 116 involved suit on a promissory note executed in connection with a home renovation. During the course of the renovation, the plaintiff contractor received a partial advance payment and purchased materials, tools, equipment and labor for the project. The note provided for limited attorney's fees in the event of non-payment; however, the plaintiff sought additional statutory attorney's fees pursuant to the open account statute. The court held that the renovation work was a construction contract, and that, "historically, construction contracts have not been treated as an `open account' under La.R.S. 9:2781." Id., 734 So.2d at 118.
This distinction was recognized in Freedom Alarm Service, Inc. v. Simplex Time Recorder Co., 1999 WL 319212 (E.D.La.), an unreported federal district court opinion in a suit arising from installation and modification of fire alarm systems at two hospitals. The plaintiff issued interim invoices as the work progressed, and sued alleging an open account. A defendant sought summary judgment as to the open account issue. The court held:
"Open Account" is a term of art, and is analogous to a credit account. Plaintiff cites the statutory definition of open account . . . The burden is on Freedom to prove that the agreements between it and Simplex created an open account.
Construction contracts historically have not been treated as open accounts. A contract for a particular job, without other dealings between the parties, does not create an open account. Even if parties had other dealings, but all jobs were contracted, performed, invoiced and paid on a job-by-job basis, there is no open account. If the original contract was not an open account, amendments to it do not create an open account.
The statutory provision that "open account" includes a past-due balance on a *734 one-time transaction was a 1983 amendment to the law. Two cases decided involving open account claims after that amendment are on point. In Bossier Marble, Inc. v. Kelly's Truck Terminal, Inc., 530 So.2d 1198 (La.App. 2 Cir.), writ denied, 532 So.2d 133 (La.1988), plaintiff experienced cost overruns caused by inaccurate pre-bid information and the performance of other contractors. Plaintiff's invoice for the overruns, submitted without a prior agreement, was not paid. When plaintiff sued, the court found that the 1983 amendment did not change the historical findings that construction contracts are not open accounts and amendments do not make them so.

Guedon and Associates, Inc. v. Haik, 533 So.2d 1256 (La.App. 4 Cir.1988) involved a construction contract with an agreed-upon maximum amount. Plaintiff performed requested additional work; but the parties did not agree on another amount. When the invoice with the extra work was not paid, plaintiff sued. The court held that amending the scope of the work "did not create an open account."
The court found that Freedom offered to perform specific construction work for specific sums, which offers were accepted by Simplex, facts that show that Freedom performed work for Simplex under common construction contracts. Therefore, there was no open account.
Likewise, the Court of Appeal, Third Circuit, rejected a claim that an oral contract for construction of cabinets constituted a sale on an open account within the understanding of then-subsection (C) of La.R.S. 9:2781. In Ortego v. Dupont, 611 So.2d 792, 795 (La.App. 3 Cir.1992), the defendant approached the plaintiff cabinet maker for special handmade cabinet doors. The court noted that the provisions of Louisiana law that control are not those dealing with sales, but rather those dealing with building contracts. The court held:
The trial court erred in awarding attorney fees under LSA-R.S. 9:2781(C) which provides in part that "`open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."
The transaction between the plaintiff and defendant was not an "open account." [Citations omitted]
A similar analysis resulted in rejection of a claim for open account attorney's fees in Petron, Inc. v. Magic-Mart, Inc., 94-28 (La.App. 3 Cir. 10/5/94), 643 So.2d 441, 442-443. The plaintiff removed and installed underground gasoline storage tanks at a convenience store. The defendant paid the anticipated cost of the work prior to commencement of the job. Before the job was completed, but after it had been begun, it was learned that a state permit would be required, and the work, with necessary additions, ultimately was performed in accordance with state requirements and the increased cost was later billed to the defendant. The court rejected the plaintiff's demand for attorney's fees pursuant to then-La.R.S. (9:2781(C), holding:
The record reflects that this was a construction contract. It is clear from the record payment was expected upon completion of the job. Historically, a construction contract has not been treated as an open account. [Citation omitted] Therefore, plaintiff is not entitled to attorney's fees. The parties agreed that plaintiff in accordance with a particular contract would perform a particular job, and amending the original oral contract did not create an open account. [Citations *735 omitted] Furthermore, contrary to plaintiff's argument, the 1983 amendment to La.R.S. 9:2781(C) does not change the law in this regard. The 1983 amendment was broadened to allow professionals that rendered a one-time service to use the procedure of an action on open account to recover payment and applies to professional services only. See Mine & Smelter Etc. v. Ceres Gulf, Inc., 526 So.2d 404 (La.App. 4 Cir.1988). Based upon our review of the applicable statute and jurisprudence, we find the trial court erred in characterizing the transaction between the parties as an open account.
A seemingly contrary result obtained in Acadian Services, Inc. v. Durand, 01-1554 (La.App. 3 Cir. 4/3/02), 813 So.2d 1143, where an underlying renovation contract gave rise to an open account. In that case, a contractor hired a subcontractor to provide demolition work and removal of gas and water lines in connection with a restaurant renovation. However, unlike the situation in the other construction contract cases, Acadian and Bradley agreed that Acadian would keep the account on its services open in anticipation of further work on the building. The court applied a four-part test and found that an open account existed. The four factors are:
(1) Whether there were other business transactions between the parties;
(2) Whether a line of credit was extended by one party to another;
(3) Whether there are running or current dealings; and
(4) Whether there are expectations of other dealings.
The court distinguished the case from the typical construction contract, noting that in such a case payment is expected upon completion of the job:
In the present case, two separate jobs were performed, with two separate invoices, and payment was not expected upon completion of either of the jobs. One reason payment was not immediately expected was that Acadian anticipated performing additional work for Durand. While the demolition of the air-conditioning units and removal of the pipe was construction work, it was not a construction contract, because Acadian withheld demanding payment in anticipation of future work installing and servicing replacement units and pipes. The owner of Acadian testified that he often carried balances for customers for ongoing work. The trial court's finding that the account was an open account is not manifestly erroneous and will not be disturbed.
In Mine & Smelter, Div. of Kennedy Van Saun Corporation v. Ceres Gulf, Inc., 526 So.2d 404, 405-06 (La.App. 4 Cir.1988), this Court interpreted the 1983 amendment narrowly, rejecting open account status where the plaintiff hired the defendant to unload gear equipment that defendant allegedly damaged. We held:
The dispositive issue in this appeal is whether the relationship between the parties constituted an open account. By concluding that Mine & Smelter's action was properly brought as one on open account, the trial court relied on a lower standard of evidence to find that they were entitled to a default judgment. . . .
LSA-R.S. 9:2781, Subd. C, as amended in 1983, defines open accounts to include any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.

*736 With the 1983 amendment the statute was broadened to allow professionals that rendered a one time service to use the stream-lined procedure of an action on open account to recover payment. We agree with Ceres that the amendment applies to professional services only.
Professionals were always accommodated by the open account statute, however it failed to address the situation where professional services were rendered in conjunction with a single transaction. The analogy between professional services and typical open accounts is in the nature of the relationship between the parties and the payment collection process. Professionals usually render services by billing hours or visits over a period of time. Open accounts are made up of a series of transactions or course of dealings over a period of time.
The Court of Appeal, First Circuit, also strictly interpreted the open account statute in Fidelity and Cas. Co. of New York v. A & M Const., Inc., 96 1326 (La.App. 1 Cir. 3/27/97), 692 So.2d 28. In that case, plaintiff sued for the balance owed for insurance coverage provided to the defendant. The trial court confirmed the default judgment upon proof of the elements of a prima facie suit on open account. The court reversed, holding that the statutory definition of open account does not apply to suits for unpaid insurance premiums, citing Percy v. Perkins, 468 So.2d 815, 817 (La.App. 1 Cir.1985). The court criticized a contrary holding from the Court of Appeal, Fifth Circuit in Brosset v. Childs Enterprises, Inc., 465 So.2d 89, 91-92 (La. App. 5 Cir.1985), in that it applied the "four-part test". The Fidelity & Casualty Company of New York case questions in dicta whether these factors are still relevant after the amendment to La.R.S. 9:2781 defining open accounts.
In Acme Window Cleaners, Inc. v. Natal Construction Company, Inc., supra, the defendant contractor entered into a written contract with the plaintiff to strip and wax floors in a building. The trial court's award to the plaintiff included attorney's fees awarded pursuant to La.R.S. 9:2781. Acme initially argued that the statute abolished the principle that attorneys fees are payable pursuant to La.R.S. 9:2781 only where there is an open account. Acme contended that prior to the 1983 amendment of then-section C, the idea that "open account" pertained to services "rendered on a continuing basis" was built into the statute and was abolished in the new language that provided that "open account" shall include "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. We rejected that argument, citing Jacobs v. Loeffelholz, 94-1123 (La.App. 4 Cir. 12/15/94), 647 So.2d 1282. In that case, we noted that an open account is a legal term of art, analogous to a credit account in the normal course of business, relying on Black's definition: "An account which has not been finally settled or closed, but is still running or open to future adjustment or liquidation. Open account, in legal as well as in ordinary language means an indebtedness subject to future adjustment, and which may be reduced or modified by proof." Acme Window Cleaners, Inc., 660 So.2d at 927.
Rather than deciding the case based on the distinction between open accounts and construction contracts[3], the unanimous *737 court in the Acme Window Cleaners, Inc. case referred to two cases from the First and Third Circuits that established the four factor guidelines for determining when a course of dealings between parties might be designated an open account. Specifically, this Court referred to Herb's Machine Shop, Inc. v. John Mecom Company, 426 So.2d 762, 765 (La.App. 3 Cir. 1983)[4], a suit for a balance due on the sale of machine parts to the defendant, which set forth the four factors standard.
See also, Sears, Roebuck & Co. v. Dennies, 03-1160 (La.App. 5 Cir. 3/30/04), 870 So.2d 1080 and Sandoz v. Dolphin Services, Inc., 555 So.2d 996, 997-98 (La.App. 1 Cir.1989), where the four-part test was applied to sale, as distinguished from construction, contracts.[5]
This Court applied the four-factor test to the construction contract in Acme Window Cleaners, Inc. and held that there was no statutory language which could change Acme's contract into an open account. This analysis might be considered to have been surplusage since, under the prior jurisprudence, the open account statute could not apply to a construction contract, irrespective of whether the four-part test used to determine whether a sales contract creates an open account was met. See also, Paddison Builders, Inc. v. Newpark Square One Condominium Association, 03-144 (La.App. 5 Cir. 6/3/03), 848 So.2d 750, in which the court applied the four-part analysis, holding:
We find none of the above factors present in this case. Additionally, construction contracts (such as this one) have historically not been treated as open accounts under La.R.S. 9:2781. [Citation omitted.]
See also, Phelps Dunbar, L.L.P. v. Stout, 04-0785 (La.App. 4 Cir. 6/15/05), 914 So.2d 44, in which this Court applied the four-part analysis to a contract for professional services confected and performed after the 1983 amendment; and Paz v. BG Real Estate Services, Inc., 05-0115 (La. App. 4 Cir. 12/14/05), 921 So.2d 186, in which this Court applied the four-part analysis in the context of a construction contract, concluding that none of the four factors were present in the case, but not discussing the historical exclusion of construction contracts from open account status.
The United States District Court for the Eastern District of Louisiana noted the state courts' application of the four-part analysis after the 1983 amendment in Barco Projection Systems, Inc. v. Alliance Business Products, Inc., 2003 WL 21355467 (E.D.La.). In this diversity jurisdiction case, plaintiff sued to recover unpaid invoices under a construction contract. In setting forth the Louisiana law to be applied, the court noted:
Even after the effective date of this [the 1983] amendment, however, Louisiana courts continue to consider the follow four factors when determining whether a course of dealings is an open account: [listing the four factors and citing, inter alia, Acme Window Cleaners, Inc.]. Historically, a construction contract has not been treated as an open account. [Citations omitted.] Id. at p. 2.
*738 See also a similar discussion in Greenfield Commercial Credit, L.L.C. v. Catlettsburg Refining, L.L.C., 2007 WL 97068 (E.D.La.).
In Salley v. Colonial Marine Industries, Inc., 95-2215 (La.App. 4 Cir. 9/11/96), 680 So.2d 1242, the plaintiff provided professional legal services consisting of rendition of a legal opinion in December of 1992, followed by continuing advice to the client concerning other issues as they arose. The evidence was found to have established that the parties had an ongoing relationship with an extension of credit to the debtor, as required for recovery of statutory attorney's fees pursuant to La. R.S. 9:2781.
Robert Half of Louisiana, Inc. v. Citizens Consulting, Inc., supra, is a similar professional services case. Citizens contracted with Robert Half, an employment agency, to locate an employee to perform accounting services for Citizens. Citizens made one payment on the contract and Robert Half sued for the balance. This Court held:
Based on the plain language of the statute, we find that the trial court correctly held that this transaction is an open account. Robert Half provided a service for CCI, that of locating a suitable candidate for employment. The agreement between the parties permitted periodic payments on an outstanding account of indebtedness. . . . whether this was a single transaction or the parties contemplated future dealings is irrelevant. This transaction falls squarely within the definition of "open account" as set forth in [then] Subsection C of the statute.
Robert Half contends that this case is governed by our prior decision in Acme Window Cleaners, Inc. v. Natal Construction Co., Inc., 95-0448 (La.App. 4 Cir. 8/23/95), 660 So.2d 926, wherein the court held that a written contract between a cleaning company and a general contractor was a contract and not an open account. We disagree. First, the agreement between the parties in the instant case was for Robert Half to provide the defendant with professional services, expressly covered by the statute, and not a construction contract. Second, there was no written contract entered into between the parties in the instant case. The only writing in the record that might even be remotely construed as a "contract" was the fee schedule, required by the statutes covering employment agencies. Finally, in deciding Acme, the court relied on some cases which ignored Subsection C to La.R.S. 9:2781. Thus, we distinguish, and thus decline to follow, Acme.

We agree that Acme Window Cleaners, Inc. and Robert Half of Louisiana, Inc. clearly are distinguishable from each other on their facts: the former case arose out of a construction contract, historically not considered to be an open account. The latter case was for professional services, specifically provided for under the open account statute. A close reading of the statute and jurisprudence thereunder lead to the conclusion that Acme Window Cleaners, Inc.'s discussion of the four-part standard in the context of a construction case is surplusage.
We note that the facts of the instant case do not support a finding of an open account, whether we consider the contract to be a historically excluded construction contract or apply the four-factor test. Furthermore, we reconcile our holdings in Acme Window Cleaners, Inc. and Robert Half of Louisiana, Inc. as the latter is a contract for professional services, which is the subject of a specific provision in La. R.S. 9:2781.
*739 For the foregoing reasons, we grant the relator's writ application and affirm the judgment of the trial court granting Ms. Foster's Motion for Partial Summary Judgment.
WRIT GRANTED; JUDGMENT OF TRIAL COURT AFFIRMED.
CANNIZZARO, J., dissents with reasons.
CANNIZZARO, J., dissents with reasons.
At the outset, I reiterate my initial opinion that the matter before us, i.e. the issue of whether Frey Plumbing Company, Inc., is entitled to attorney fees pursuant to La. R.S. 9:2781(D) is premature because its underlying claim against Ms. Foster has never been adjudicated.[1]
Nonetheless, considering the majority opinion on remand as ordered by the Louisiana Supreme Court, I respectfully dissent. I disagree with the majority's affirming the trial court's judgment that granted Ms. Foster's motion for partial summary judgment, finding that the agreement between the parties was not a contract creating an open account pursuant to La. R.S. 9:2781(D) and that Frey Plumbing Company was not entitled to attorney fees.
The current version of La. R.S. 9:2781(D) states in pertinent part:
For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. [Emphasis added.]
The legislature specifically amended La. R.S. 9:2781 in 1983 to clarify that an open account could consist of a single transaction and did include debts for professional services.
Louisiana Civil Code article 9 provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." The relevant statute, La. R.S. 9:2781(D), clearly and unambiguously speaks in terms of one transaction and does not contemplate more than one transaction in every instance. The majority's discussion that a suit on an open account necessarily involves a series of transactions or course of dealings over a period of time is inaccurate. Such language is not contained in the statute and should not be followed here.
I also disagree with the majority's conclusion in footnote 1 that "[t]he plumbing contract in question does not come within the purview of a professional services contract for purposes of the statute." The statute specifically provides that professional services are not limited to legal and medical services, and I find no rational basis to exclude plumbing services. Master plumbers and journeyman plumbers must be licensed and are governed by a state licensing board, the State Plumbing Board. See La. R.S. 37:1361-1368. They are required to participate in "continuing professional development" to maintain their licenses. See La. R.S. 37:1366. *740 They are subject to disciplinary action and their licenses may be revoked. See La. R.S. 37:1378. Also, the fact that the contract at issue was an oral, as opposed to a written one, should not disqualify Frey Plumbing Company's claim as a suit op open account as the statute doe not distinguish between written and oral contracts.
I submit that in the interest of fairness if Frey Plumbing performed the work as agreed to by the parties and Ms. Foster refused to pay, forcing the company to file suit to collect the amount owed, then it should be allowed to recover any reasonable attorney fees that it incurred as a result. Under such circumstances, it is illogical and unreasonable to conclude that the legislature would not have allowed Frey Plumbing Company to collect the attorney fees.
Regarding Acme Window Cleaners v. Natal Construction Co., Inc., 95-0448 (La. App. 4 Cir.8/23/95), 660 So.2d 926, I find the majority's discussion of the case is misleading. The issue in Acme was whether or not the plaintiff was entitled to attorney fees. The court found that it was not because the parties had entered into a written contract which controlled their relationship and the contract did not provide for attorney fees in the event a dispute had to be resolved in court. The court emphasized that "[t]here was no statutory language which could change this contract into an open account so as to trigger the attorney fee provisions of [La. R.S.] 9:2781." 660 So.2d at 928. However, the majority states that Acme involved a construction contract and therefore was not subject to the open account statute. It then concludes "[Acme's] discussion of the four parts standard in the context of a construction case is surplusage."[2] I fail to see a need to even mention the four factor standard if the court felt construction contracts were automatically eliminated under the open account statute.
Finally, in compliance with the Supreme Court's mandate, the majority attempts to "reconcile" the holdings in Acme, supra, and Robert Half of Louisiana, Inc. v. Citizens Consulting, Inc., 00-2415 (La.App. 4 Cir.10/3/01), 798 So.2d 1124, on the basis that Acme arose out of a construction contract, which historically is not considered an open account, while Robert Half involved a contract for professional services, which is specifically provided for under La. R.S. 9:2781. With all due respect to the Supreme Court, I find no apparent conflict between this court's holdings in those two cases. Each was decided based upon its particular facts.
Accordingly, I would reverse the judgment of the trial court and deny Ms. Foster's motion for partial summary judgment.
NOTES
[1] The plumbing contract in question does not come within the purview of a professional services contract for purposes of the statute.
[2] The opinion does not cite subsection (D) specifically. Since the pre-1981 statute was not divided into subsections, we conclude that the court applied the statute as it existed before the definition of an "open account" was added.
[3] It appears from the facts of the Acme Window Cleaners, Inc. case that Acme's work stripping and waxing floors gives rise to a construction contract under the foregoing analysis.
[4] This case was decided prior to the 1983 amendment to La.R.S. 9:2781.
[5] The United States district court for the Eastern District of Louisiana accepted this analysis in an unreported case, San Francisco Estates, S.A. v. Westfeldt Brothers, Inc., 1998 WL 290206 (E.D.La.1998)
[1] I concurred in the denial of Frey Plumbing Company's original writ application because it had an adequate remedy on appeal. See Frey Plumbing Company, Inc. v. Foster, XXXX-XXXX, unpub. (La.App. 4 Cir.9/21/06) (Cannizzaro, J., concurs with reasons).
[2] The four factors to be considered when determining whether a course of dealings between the parties might be designated an open account are set forth in Herb's Machine Shop, Inc. v. John Mecom Company, 426 So.2d 762, 765 (La.App. 3d Cir.1983), writ denied, 430 So.2d 98 (La.1983).