921 So.2d 186 (2005)
Vincent PAZ d/b/a Atlas Exterior Contractors
v.
BG REAL ESTATE SERVICES, INC. and NOOBI, L.P. and Plaza Towers.
No. 2005-CA-0115.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 2005.
*187 J. Wayne Gillette, New Orleans, Louisiana, for Plaintiff/Appellee.
J. William Starr, Capella Law Firm, Metairie, Louisiana, for Defendants/Appellants, BG Real Estate Services, Inc. and NOOBI, L.P.
(Court composed of Judge JAMES F. McKAY III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
JAMES F. McKAY III, Judge.
BG Real Estate Services, Inc. (BG) and NOOBLI, L.L.C. (NOOBLI) d/b/a Plaza Towers entered into an agreement with Vincent Paz d/b/a Atlas Exterior Contractors (Atlas) to make repairs to the 18th floor terrace of the Plaza Towers which also served as roof for part of the 17th floor. The agreement called for Mr. Paz to repair only the areas that were actually leaking by removing the damaged tiles in these areas and spreading sealer across the damaged areas; the cost would be $23,950.00 ($18,950.00 to repair leaks in the terrace surface and $5,000.00 to repair leaks in the planters). During the course of the job, in certain problem areas adjacent to the work area, tiles began popping up. Mr. Paz suggested removing the tile from the areas immediately adjacent to the work area but the owners' representative, Ms. Davis, asked him to simply remove all the tiles from the roof. At some point during this process, it became evident that Ms. Davis was expecting Mr. Paz to completely *188 retile the terrace and Mr. Paz pointed out that this wasn't what the contract called for. After further discussions, Mr. Paz and Ms. Davis agreed that Mr. Paz would simply seal the portion of the roof where the tiles had already been removed and leave the remaining tiles in place. After this work was completed, Mr. Paz made several attempts to collect the balance of the money owed to him but he was never paid.
Mr. Paz filed suit on open account claiming that the BG and NOOBLI owed an outstanding balance of $6,895.00 for the contract work performed at the Plaza Towers. The defendants filed a reconventional demand for breach of contract, contending that Mr. Paz performed insufficient and improper work in waterproofing the 17th floor. The trial court found for the plaintiff and awarded him $6,895.00 for the work he performed plus attorney's fees of $2,298.00. It is from this judgment that the defendants appeal.
On appeal, the defendants raise the following assignments of error: 1) the court erred in awarding attorney's fees to Atlas as there is no provision for attorney's fees in the contract; 2) the court erred in holding that the contract was amended when proper evidence was not introduced to indicate oral amendment of the contract; 3) the court did not take into account the failure of Atlas to complete the contract and the subsequent failure of the work inadequately performed; and 4) the court did not take into account the consequential damages suffered by the owner as a result of the failure of Atlas's work.
In their first assignment of error, the defendants contend that the trial court erred in awarding attorney's fees to the plaintiff. As a general rule, attorney's fees are not assessable as an item of damages except where provided for by statute or by contract. Montz v. Theard, 2001 0768 (La.App. 1 Cir. 2/27/02), 818 So.2d 181. In the instant case, attorney's fees are not provided for in the contract between the parties. Therefore, there needs to be some statutory authority for the trial court to award attorney's fees. Although the plaintiff styles his lawsuit as one on open account that is not what it is. In order to treat a matter as an open account certain factors must be considered: 1) whether there were other business transactions between the parties; 2) whether a line of credit was extended by one party to the other; 3) whether there are running or current dealings; 4) whether there are expectations of other dealings. See Paddison Builders, Inc. v. Newpark Square One Condominium Assoc., 03-144 (La.App. 5 Cir. 6/3/03), 848 So.2d 750. None of these factors are present in this case. Clearly, this case is not a suit on open account. As such, there is no statutory authority for the trial court to award attorney's fees. Because the contract between the parties did not provide for attorney's fees and there is no statutory authority to award attorney's fees, the trial court erred in awarding attorney's fees.
The defendants' second, third and fourth assignments of error all deal with questions of fact. In the interpretation of contracts, the trial court's interpretation of a contract is a finding of fact subject to the manifest error rule; in applying the manifest error rule, a court of appeal may not simply substitute its own view of the evidence for the trial court's view, nor may it disturb the trial court's finding of fact so long as it is reasonable. Simpson v. Pep Boys  Manny Moe & Jack, Inc., XXXX-XXXX (La.App. 4 Cir. 4/10/03), 847 So.2d 617. Based on the record before this Court, there was nothing unreasonable or manifestly erroneous about the trial court's factual findings. Accordingly, we find no merit as to the *189 defendants' second third and fourth assignments of error.
For the foregoing reasons, we reverse the trial court's award of attorney's fees. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.