JAMES F. McKAY III, Judge.
hln this contract case, the defendant, Zodiac Development & Five Korners, LLC (Zodiac), appeals the trial court’s award of $19,699.36 plus interest, attorneys’ fees and costs in favor of the plaintiff, Property One, Inc. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Zodiac owned Essen Centre, a commercial office building located at 5353 Essen Lane in Baton Rouge. Zodiac contracted with Property One to provide professional property management services and to act as its exclusive leasing agent. The parties entered into a property management and leasing agreement, which was in effect from June 1, 2005 through December 31, 2006. Property One also leased an office in Essen Centre from Zodiac.
During its tenure as property manager, Property One also oversaw construction work and tenant improvements on several suites. The costs of these projects totaled nearly one million dollars. Pursuant to the lease agreements of the [2tenants of these suites, the tenants and/or Zodiac retained architects and contractors to provide construction materials and perform the physical labor. Property One performed the construction management services which consisted of obtaining quotes and bids, accepting contracts on behalf of the owner, participating in weekly construction meetings, conducting site inspections, acting as tenant liaison, protecting the owner’s interests, and performing administrative duties such as file maintenance, coordination, and scheduling.
Article 6 (c) of the property management and leasing agreement stated:
Construction Fee: Tenant Improvement or other construction work performed by Manager, as provided in the Management Agreement to which Schedule A is *78 attached, shall be performed on the basis of actual cost, plus two (2) percent for overhead and profit. Owner is not obligated to have such tenant improvements or other construction work performed by Manager. If Owner has some one (sic) other than manager perform such tenant improvements or other construction work, Owner shall not owe any construction fee to Manager.
Schedule A(b) provides:
Construction Fee: Tenant Improvements or other construction work performed by Manager, as provided in the Management Agreement to which this Schedule “A” is attached, shall be performed on the basis of actual cost, plus two percent (2%) for overhead and profit.
After the construction work was completed, Zodiac failed to pay Property One. When amicable demand failed, Property One filed suit on August 26, 2008. Zodiac filed a reconventional demand on June 17, 2009, asserting a claim for a sum due under Property One’s office lease. A bench trial took place February 8, 2011. On February 28, 2011, the trial court rendered judgement as follows: (1) in favor of Property One and against Zodiac for construction fees in the amount of $19,699.36, together with judicial interest from date of judicial demand until paid; |s(2) in favor of Zodiac and against Property One for rent in the amount of $1,503, together with judicial interest from date of demand until paid, which amounts are to be set-off and reduce the amounts owed by Zodiac to Property One; (3) in favor of Property One and against Zodiac for attorney fees of $15,817.00 and costs of $1,475.00; and (4) denying Zodiac’s request for attorney fees and costs. It is from this judgment that Zodiac now appeals.
DISCUSSION
On appeal, the defendant raises the following specifications of error: 1) the trial court erred in failing to apply the contractual provision that if the owner has someone other than the manager perform tenant improvements, the owner shall not owe any construction fee to the manager, because the undisputed facts show that the owner had third-party contractors, not the manager, perform the tenant improvements at issue; 2) the trial court erred in holding that the manager was entitled to a construction fee because the management agreement provided that the manager was entitled to such a fee only if the manager performed the tenant improvements and the manager did not perform the tenant improvements; 3) the trial court erred in holding that the purported construction management services by the manager fell within the contractual language of performing tenant improvements; 4) the trial court erred in holding that the manager sustained its burden of proof that it performed the tenant improvements; 5) the trial court erred in awarding attorney fees and expenses to the manager; and 6) the trial court erred in not awarding attorney fees and expenses to the owner.
|4A trial court’s interpretation of a contract is a finding of fact subject to the manifest error rule. Paz v. BG Real Estate Services, Inc., 2005-0115, p. 1 (La.App. 4 Cir. 12/14/05), 921 So.2d 186, 187. This Court has announced a two-part test for the reversal of a factfinder’s determinations: 1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through DOTD, 617 So.2d 880, 881 (La.1993). The issue to be resolved by the *79 reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. Where the court’s findings of fact are reasonable in light of the entirety of the record, an appellate court may not reverse even if convinced that it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 848 (La.1989). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be clearly wrong or manifestly erroneous. Id.

Factual Findings and Contract Interpretation

The trial court found that the services performed by Property One were contemplated by the agreement and in addition to the routine management services which it performed as manager, it met its burden of proving entitlement to the two percent (2%) construction fee provided in the agreement. Property One’s representatives, Sue Tucker and Joyce Chauvin, were on site during each stage of construction work. They testified at length as to the construction oversight and 1 .^management services that they provided during this period of capital improvement. They were the only on-site representative for the defendant owner during this period. Zodiac failed to present any evidence showing that someone other than Property One employees performed the construction oversight and management services at issue. Accordingly, there was nothing manifestly erroneous in the trial court’s factual findings.
Zodiac argues that the trial court misinterpreted article 6(c) of the property management agreement. However, we do not find that to be the case. Property One’s services were construction oversight services, separate from contractors’ labor and/or procurement of goods.
Zodiac further argues that by interpreting Property One’s services as “other construction work” the trial court did not use that term’s plain, ordinary meaning. For this principle, Zodiac cites the first sentence of Louisiana Civil Code Article 2047, but neglects to consider the second sentence: “Words of art and technical terms must be given their technical meaning when the contract involves a technical matter.” Property One’s witnesses testified regarding industry standards, customs, and meanings. The trial court accepted this testimony and made its judgment accordingly. We find nothing clearly wrong or manifestly erroneous in the trial court’s judgment.
Zodiac also argues that the trial court did not construe the agreement as a whole and erred when it referenced other materials in reaching its conclusion that Property One was entitled to the two percent (2%). However, Zodiac has failed to Rshow that this assertion is true. In any case, an ambiguity in the contract language should be construed against Zodiac as the obligor, owing payment in return for receiving Property One’s performance. See La. C.C. art. 2057. Therefore, we find no error in the trial court’s interpretation of the property management agreement.

Zodiac’s Attorneys’ Fees and Expenses

Zodiac contends that the trial court erred in not awarding it the attorney fees and expenses it incurred as landlord, trying to enforce the obligations in the lease when the lease provided for reasonable attorney fees and expenses. Property One never denied that it owed a small amount under the lease, but it asserted the affirmative defense of offset. The trial court found that Property One owed Zodiac $1,503.30 and deducted this amount from what Zodiac owed to Property One under the property management agreement. Because of the nature of the offset, we find *80 no error in the trial court’s refusal to award Zodiac with attorney fees and expenses.

Property One’s Attorneys’ Fees and Expenses

Zodiac also contends that the trial court erred in awarding attorney fees and expenses to Property One. However, Zodiac failed to brief the issue in its appellant brief. According to Rule 2-12.4, Uniform Rules, Courts of Appeal: “[a]ll specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.” Accordingly, Zodiac has abandoned this assignment of error.
^CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED