BESSAN MAKARNA     *     NO. 2021-CA-0322

VERSUS     *

CHAMPION FOODS, INC.     *     COURT OF APPEAL

    *     FOURTH CIRCUIT

    *     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2018-09950, SECTION "C"
Honorable Veronica E Henry, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)


Randy George McKee
MCKEE LAW FIRM, LLC
1100 Poydras Street
Suite 1475
New Orleans, LA 70163


       COUNSEL FOR PLAINTIFF/APPELLEE


Anthony J. Jr. Milazzo
Charles V. Giordano
HEBBLER & GIORDANO, L.L.C.
3501 North Causeway Boulevard
Suite 400
Metairie, LA 70002


       COUNSEL FOR DEFENDANT/APPELLANT


              **AFFIRMED AS AMENDED**
              **NOVEMBER 3, 2021**

In this contract dispute, Defendant, Champion Foods, Inc., seeks review of the trial court's judgment awarding Plaintiff, Bessan Makarna, $6,679.78 for unpaid sums due under the contracts and $4,000.00 in attorney's fees. Given that the contracts did not specifically provide for attorney's fees, the judgment is amended to delete the attorney's fee award and affirmed as amended.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

After their representatives met at a food show, Bessan Makarna, a Turkish pasta manufacturer, began selling pasta products to Champion Foods, Inc. Each invoice represented the sales contract between the parties. Thereafter, a dispute ensued as to the amounts owed under the invoices.

As a result, Bessan Makarna filed a petition for breach of contract in First City Court for Orleans Parish, alleging a $29,373.00 delinquency. In order to comply with the jurisdictional limit, it stipulated to a maximum recovery of $25,000.00. Champion Foods answered.

1

After a trial on the merits, the trial court rendered judgment in favor of Bessan Makarna in the amount of $6,679.78, in addition to $4,000.00 in attorney's fees. Champion Foods filed a motion for suspensive appeal. However, it failed to file the suspensive appeal bond. Accordingly, we convert the suspensive appeal to a devolutive appeal.[1]

## DISCUSSION

## COMMISSIONS

On appeal, Champion Foods assigns two errors in the trial court's judgment concerning the award of commissions and attorney's fees. As to the commissions, Champion Foods asserts that the trial court erred in failing to award it all of the commissions to which it was entitled. Questions of fact are reviewed under the manifest error or clearly wrong standard of review. *Falcone v. Touro Infirmary*, 13-0015, 13-0016, p. 4 (La. App. 4 Cir. 11/6/13), 129 So.3d 641, 645. "In order to reverse findings of the factfinder, 'an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong.'" *Id.* (quoting *Harold A. Asher, CPA, LLC v. Haik*, 12-0771, p. 4 (La. App. 4 Cir. 4/10/13), 116 So.3d 720, 723-24).

---

[1] "In ordinary proceedings, a failure to pay a suspensive appeal bond is not generally considered grounds for dismissal because the appeal is simply converted to a devolutive appeal when the appeal bond is not timely paid." *Franco v. Franco*, 04-0967, p. 13 (La. App. 4 Cir. 7/28/04), 881 So.2d 131, 139 (citation omitted).

Here, Mr. Mustafa Calis, a sales manager for Bessan Makarna, testified that the agreed upon commission was fifteen cents ($.15) per box. In its reasons for judgment, the trial court thoroughly reviewed each invoice, along with the testimony of the witnesses. Considering Mr. Calis' testimony, the trial court awarded Champion Foods commissions in the amount of fifteen cents ($.15) per box on invoices where the commission credit was specifically disputed by Bessan Makarna.

Now, Champion Foods asserts that the trial court failed to award commissions on other invoices. However, it did not offer any testimony at trial pertaining to any omissions of commissions (or credits) owed to Champion Foods. Under these circumstances, the record supports the trial court's award. Accordingly, we do not find that the trial court was manifestly erroneous in its award of commissions.

**ATTORNEY'S FEES**

As to the attorney's fees, Champion Foods contends that the trial court erred because the contracts did not provide for attorney's fees; and there are no statutory grounds to justify such an award. We agree.

"As a general rule, attorney's fees are not assessable as an item of damages except where provided for by statute or by contract." *Paz v. BG Real Est. Servs., Inc.*, 05-0115, p. 2 (La. App. 4 Cir. 12/14/05), 921 So.2d 186, 188 (quoting *Montz v. Theard*, 01-0768, p. 15 (La. App. 1 Cir. 2/27/02), 818 So.2d 181, 192). Here, attorney's fees are not provided for in the contracts between the parties. Therefore,

3

there must be some statutory authority for the trial court to award attorney's fees. Given that this is a breach of contract claim, there is no statutory authority for the award of attorney's fees.

Since there were no contractual provisions and there is no statutory authority, the trial court erred in awarding attorney's fees. For these reasons, the judgment is amended to delete the $4,000.00 attorney's fee award. Accordingly, the judgment is affirmed as amended.

**AFFIRMED AS AMENDED**